UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                -against-<br><br>JOSEPH MALVASIO and GREGG MARCUS a/k/a "Gregg Pierce,"<br><br>                                        Defendants. | 23-CR-396 (JGLC)<br><br>**ORDER** |

JESSICA G. L. CLARKE, United States District Judge:

Defendants Joseph Malvasio ("Malvasio") and Gregg Marcus ("Marcus," and with Malvasio, the "Defendants") move to redact portions of the Indictment (ECF No. 2) containing the Government's forfeiture allegations. *See* ECF Nos. 19–21. Specifically, Defendants seek to redact (1) the identifying bank accounts numerals in Paragraphs 11(a)–(n) of the Indictment, and (2) the name of Marcus' former spouse in Paragraph 11(k) of the Indictment.[1] For the reasons stated herein, the motion is DENIED with respect to the first category and GRANTED with respect to the second category.

Turning to the first category, Federal Rule of Criminal Procedure 49.1(a)(4) requires parties to redact from filings all but "the last four digits of the financial-account number." However, Rule 49.1 Sections (b)(1) and (9) expressly exempt from the redaction requirement "a financial-account number or real property address that identifies the property allegedly subject to forfeiture in a forfeiture proceeding" and "a charging document and an affidavit filed in support of any charging document." The first category of requested redactions falls squarely within the

---

[1]   Defendant Malvasio joins the motion for redaction of bank account numbers. ECF Nos. 20–21. Only Defendant Marcus brings the motion for redaction of the name of his former spouse. ECF No. 19.

ambit of 49.1(b)(1) and (9). Thus, the Government's inclusion of full bank account numbers in the Indictment was consistent with Rule 49.1. Defendants contend that the "risk of hacking and identity theft" militate in favor of the requested redactions. ECF No. 19 at 2. However, all accounts listed in the forfeiture section of the Indictment are frozen pursuant to the August 10, 2023 restraining order issued by Judge Liman as Part 1 Judge. Accordingly, the Court finds any "risk of hacking and identity theft" to be minimal. The bank account numbers included in Paragraph 11(a)–(n) shall remain unredacted.

Turning to the second category, Defendant Marcus seeks to redact the name of his former spouse from Paragraph 11(k) of the Indictment. Marcus states that her reputation and career have been, and will continue to be, adversely affected by the inclusion of her name in a publicly filed criminal indictment. ECF No. 19 at 1–2. The Indictment was unsealed, and defense counsel appeared in this action, on August 10, 2023. Marcus filed the instant motion on September 5, 2023. ECF No. 19. His delay in seeking redaction since the Indictment has been available on the public docket weighs against the motion. *See Matter of Upper Brook Companies*, No. 22-MC-97 (PKC), 2023 WL 172003, at *4 (S.D.N.Y. Jan. 12, 2023). However, his delay in seeking redaction, while notable, was not excessively protracted. Moreover, Marcus has alleged that "some concrete harm" has occurred, or will occur, in the form of damage to a non-party's reputation and career. *Id*. The Government has not disputed this harm or alleged that Marcus' former spouse was involved in the alleged fraudulent scheme. The Second Circuit has repeatedly recognized that "the privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Amodeo II"). Redactions of the names of third parties "not alleged to have participated in criminal activities . . . fall squarely within the type of information properly redacted pursuant to

*Amodeo II.*" *United States v. Pasqua*, No. 16-CR-591 (NSR), 2020 WL 7338082, at *2 (S.D.N.Y. Dec. 12, 2020). Though any redaction cannot undo harm that has already occurred, the Court finds that redaction at this juncture is nonetheless appropriate to mitigate future harm to a non-party.

Moreover, the Government has not indicated that inclusion of the name of Marcus' former spouse is material to the case or to the public's interest therein. This weighs in favor of redaction. *See United States v. Munir*, 953 F. Supp. 2d 470, 478 (E.D.N.Y. 2013) (weighing under Fed. R. Crim. P. 49.1 the "privacy of innocent third parties" and finding that "[r]edaction is particularly appropriate where, as here, the information that will be withheld from the public was immaterial" to the Court's adjudication). The Court finds that the proposed redaction is narrowly tailored and appropriate to address the potential harm.

For the reasons stated herein, the motion is DENIED in part and GRANTED in part. The Clerk of Court is directed to redact Paragraph 11(k) of the Indictment (ECF No. 2) to read as follows: "All monies and assets on deposit on account number 1501052228 at Flagstar (formerly Signature) Bank held in the name of Gregg REDACTED Marcus." The Clerk of Court is directed to terminate ECF Nos. 19–21.

Dated:   September 21, 2023
        New York, New York

                               SO ORDERED.

                               *Jessica Clarke*
                               JESSICA G. L. CLARKE
                               United States District Judge