# Exhibit F

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**
GLOBAL CAPITAL PARTNERS FUND LLC

**DEFENDANTS**
JOHN LOCASCIO

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER**
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor, East Meadow, NY 11554
516-296-7000

**ATTORNEYS (IF KNOWN)**

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)
(DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 USC 1332(a)(1), 28 USC 1391(b)(2), Libel per se, Injurious Falsehood, Disparagement, Tortious Interference with Business Relations

Has this  action, case, or proceeding, or one essentially the same been previously filed in SDNY at any time? No [✓] Yes [ ]   Judge Previously Assigned

If yes, was this case  Vol. [ ] Invol. [ ] Dismissed.  No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

**IS THIS AN INTERNATIONAL ARBITRATION CASE?**   No [✗]   Yes [ ]

*(PLACE AN [x] IN ONE BOX ONLY)*   NATURE OF SUIT

## TORTS

**CONTRACT**

- [ ] 110   INSURANCE
- [ ] 120   MARINE
- [ ] 130   MILLER ACT
- [ ] 140   NEGOTIABLE INSTRUMENT
- [ ] 150   RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151   MEDICARE ACT
- [ ] 152   RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153   RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160   STOCKHOLDERS SUITS
- [ ] 190   OTHER CONTRACT
- [ ] 195   CONTRACT PRODUCT LIABILITY
- [ ] 196   FRANCHISE

**REAL PROPERTY**

- [ ] 210   LAND CONDEMNATION
- [ ] 220   FORECLOSURE
- [ ] 230   RENT LEASE & EJECTMENT
- [ ] 240   TORTS TO LAND
- [ ] 245   TORT PRODUCT LIABILITY
- [ ] 290   ALL OTHER REAL PROPERTY

**PERSONAL INJURY**

- [ ] 310   AIRPLANE
- [ ] 315   AIRPLANE PRODUCT LIABILITY
- [✗] 320   ASSAULT, LIBEL & SLANDER
- [ ] 330   FEDERAL EMPLOYERS' LIABILITY
- [ ] 340   MARINE
- [ ] 345   MARINE PRODUCT LIABILITY
- [ ] 350   MOTOR VEHICLE
- [ ] 355   MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360   OTHER PERSONAL INJURY
- [ ] 362   PERSONAL INJURY - MED MALPRACTICE

**ACTIONS UNDER STATUTES**

**CIVIL RIGHTS**

- [ ] 440   OTHER CIVIL RIGHTS (Non-Prisoner)
- [ ] 441   VOTING
- [ ] 442   EMPLOYMENT
- [ ] 443   HOUSING/ ACCOMMODATIONS
- [ ] 445   AMERICANS WITH DISABILITIES - EMPLOYMENT
- [ ] 446   AMERICANS WITH DISABILITIES -OTHER
- [ ] 448   EDUCATION

**PERSONAL INJURY**

- [ ] 367 HEALTHCARE/ PHARMACEUTICAL PERSONAL INJURY/PRODUCT LIABILITY
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

**PERSONAL PROPERTY**

- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**PRISONER PETITIONS**

- [ ] 463 ALIEN DETAINEE
- [ ] 510 MOTIONS TO VACATE SENTENCE 28 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER

**PRISONER CIVIL RIGHTS**

- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION
- [ ] 560 CIVIL DETAINEE CONDITIONS OF CONFINEMENT

**FORFEITURE/PENALTY**

- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 690 OTHER

**PROPERTY RIGHTS**

- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 835 PATENT-ABBREVIATED NEW DRUG APPLICATION
- [ ] 840 TRADEMARK

**LABOR**

- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 740 RAILWAY LABOR ACT
- [ ] 751 FAMILY MEDICAL LEAVE ACT (FMLA)
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT (ERISA)

**IMMIGRATION**

- [ ] 462 NATURALIZATION APPLICATION
- [ ] 465 OTHER IMMIGRATION ACTIONS

**ACTIONS UNDER STATUTES**

**BANKRUPTCY**

- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

[ ] 880 DEFEND TRADE SECRETS ACT

**SOCIAL SECURITY**

- [ ] 861 HIA (1395ff)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**

- [ ] 870 TAXES (U.S. Plaintiff or Defendant)
- [ ] 871 IRS-THIRD PARTY 26 USC 7609

**OTHER STATUTES**

- [ ] 375 FALSE CLAIMS
- [ ] 376 QUI TAM
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLU- ENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 480 CONSUMER CREDIT
- [ ] 485 TELEPHONE CONSUMER PROTECTION ACT
- [ ] 490 CABLE/SATELLITE TV
- [ ] 850 SECURITIES/ COMMODITIES/ EXCHANGE
- [ ] 890 OTHER STATUTORY ACTIONS
- [ ] 891 AGRICULTURAL ACTS
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 896 ARBITRATION
- [ ] 899 ADMINISTRATIVE PROCEDURE ACT/REVIEW OR APPEAL OF AGENCY DECISION
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES

*Check if demanded in complaint:*

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 2,500,000   OTHER _____

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y. AS DEFINED BY LOCAL RULE FOR DIVISION OF BUSINESS 13?
IF SO, STATE:

JUDGE _____   DOCKET NUMBER_____

*Check YES only if demanded in complaint*
JURY DEMAND: [ ] YES [✗] NO

NOTE: You must also submit at the time of filing the Statement of Relatedness form (Form IH-32).

## ORIGIN

*(PLACE AN x IN ONE BOX ONLY)*

[x] 1 Original Proceeding
[ ] 2 Removed from State Court
[ ] 3 Remanded from Appellate Court
[ ] 4 Reinstated or Reopened
[ ] 5 Transferred from (Specify District)
[ ] 6 Multidistrict Litigation (Transferred)
[ ] 7 Appeal to District Judge from Magistrate Judge

    [ ] a. **all parties represented**

    [ ] b. **At least one party is pro se.**

[ ] 8 Multidistrict Litigation (Direct File)

## BASIS OF JURISDICTION

*(PLACE AN x IN ONE BOX ONLY)*

**IF DIVERSITY, INDICATE CITIZENSHIP BELOW.**

[ ] 1 U.S. PLAINTIFF   [ ] 2 U.S. DEFENDANT   [ ] 3 FEDERAL QUESTION   [x] 4 DIVERSITY

(U.S. NOT A PARTY)

### CITIZENSHIP OF PRINCIPAL PARTIES (FOR DIVERSITY CASES ONLY)

(Place an [X] in one box for Plaintiff and one box for Defendant)

| | PTF | DEF | | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|---|---|---|
| CITIZEN OF THIS STATE | [ ] 1 | [ ] 1 | CITIZEN OR SUBJECT OF A FOREIGN COUNTRY | [ ] 3 | [ ] 3 | INCORPORATED and PRINCIPAL PLACE OF BUSINESS IN ANOTHER STATE | [ ] 5 | [ ] 5 |
| CITIZEN OF ANOTHER STATE | [ ] 2 | [x] 2 | INCORPORATED or PRINCIPAL PLACE OF BUSINESS IN THIS STATE | [x] 4 | [ ] 4 | FOREIGN NATION | [ ] 6 | [ ] 6 |

### PLAINTIFF(S) ADDRESS(ES) AND COUNTY(IES)

Global Capital Partners Fund LLC
555 Fifth Avenue, Suite 1501
New York, NY 10017
New York County

### DEFENDANT(S) ADDRESS(ES) AND COUNTY(IES)

John Locascio
1660 Metro Avenue, Apt. 303
Chula Vista, CA 91915
San Diego County

### DEFENDANT(S) ADDRESS UNKNOWN

REPRESENTATION IS HEREBY MADE THAT, AT THIS TIME, I HAVE BEEN UNABLE, WITH REASONABLE DILIGENCE, TO ASCERTAIN THE RESIDENCE ADDRESSES OF THE FOLLOWING DEFENDANTS:

### COURTHOUSE ASSIGNMENT

I hereby certify that this case should be assigned to the courthouse indicated below pursuant to Local Rule for Division of Business 18, 20 or 21.

Check one:   THIS ACTION SHOULD BE ASSIGNED TO:   [ ] WHITE PLAINS   [x] MANHATTAN

DATE 09/30/2022

/s/ Paul B. Sweeney

SIGNATURE OF ATTORNEY OF RECORD

ADMITTED TO PRACTICE IN THIS DISTRICT
[ ] NO
[x] YES (DATE ADMITTED Mo. 12 Yr. 1993 )

RECEIPT #

Attorney Bar Code # PS5254

Magistrate Judge is to be designated by the Clerk of the Court.

Magistrate Judge _____ is so Designated.

Ruby J. Krajick, Clerk of Court by _____ Deputy Clerk, DATED _____.

UNITED STATES DISTRICT COURT (NEW YORK SOUTHERN)

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Southern District of New York

| | |
|---|---|
| GLOBAL CAPITAL PARTNERS FUND LLC,      ) <br> ) <br> ) <br> ) <br><br><u>              *Plaintiff(s)*         </u> ) <br>v.      ) <br> JOHN LOCASCIO,      ) <br> ) <br> ) <br> ) <br><u>              *Defendant(s)*         </u> ) | Civil Action No.     1:22-cv-08362 |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*    John Locascio
1660 Metro Avenue, Apt. 303
Chula Vista, CA 91915

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:    Paul B. Sweeney, Esq.
Certilman Balin Adler & Hyman, LLP
90 Merrick Avenue, 9th Floor
East Meadow, NY 11554
(516) 296-7000
psweeney@certilmanbalin.com

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:   <u>                      </u>

                                             <u>                            </u>
                                                      *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❒ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❒ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❒ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❒ I returned the summons unexecuted because _____ ; or

❒ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.


Date: _____                    _____
                                                              *Server's signature*

                                               _____
                                                              *Printed name and title*


                                               _____
                                                              *Server's address*

Additional information regarding attempted service, etc:

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
GLOBAL CAPITAL PARTNERS FUND LLC,

**Case No. 1: 22-cv-8362**

Plaintiff,

**COMPLAINT**

-against-

JOHN LOCASCIO,

Defendant.
-------------------------------------------------------------------X

Plaintiff, GLOBAL CAPITAL PARTNERS FUND LLC, through counsel, as and for their

Complaint against JOHN LOCASCIO, states the following:

**THE PARTIES**

1.       Plaintiff GLOBAL CAPITAL PARTNERS FUND LLC ("GLOBAL" and/or

"Plaintiff") is a domestic corporation organized and existing under the laws of the State of New

York.

2.       GLOBAL maintains its offices at 555 Fifth Avenue, Suite 1501, New York, New

York 10017.

3.       Now and at all other relevant times, GLOBAL is a commercial mortgage lender

conducting business in the State of New York as well as in other locations.

4.       Defendant, JOHN LOCASCIO ("LOCASCIO"), is an individual residing in the

State of California, and maintains residence at 1660 Metro Avenue, Apt. 303, Chula Vista,

California.

7843985.2

**JURISDICTION AND VENUE**

5.       This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because Plaintiff is a citizen of the State of New York, and Defendant LOCASCIO is a citizen of the State of California; and the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

6.       Venue for this action is proper and appropriate in the Southern District of New York pursuant to 28 U.S.C.§1391(b)(2), because a substantial part of the events giving rise to the claim(s) occurred within the State of New York as Plaintiff's principal office is New York, New York and the injury from Defendant's conduct occurred in New York, New York, and certain defamatory statements by Defendant that are the subject of this action were made in New York.

**FACTUAL ALLEGATIONS**

7.       Defendant LOCASCIO is the Chief Executive Officer and owner of Vis Viva, Inc., a New York Corporation engaged in, among other things, serving as a broker for financing transactions ("VVI").  VVI's principal office is in Brooklyn, New York, and LOCASCIO regularly conducts business in New York through his activities and operations of VVI.

8.       In 2022, LOCASCIO and VVI were engaged as loan broker and agent for a company seeking to develop a resort property in the Country of Belize. LOCASIO contacted GLOBAL about obtaining financing and in or around February 2022 submitted a loan application on behalf of its client.

9.       In June 2022, GLOBAL issued a commitment letter to fund a loan to LOCASCIO's client in the approximate amount of $17,000,000.00. The commitment required payment of a non-refundable 1% commitment fee and was expressly contingent upon a "Lender ordered MAI

Appraisal showing satisfactory value." When the appraisal report showed a negative value of the subject property, Global decided it would not proceed with the loan.

10. Defendant LOCASCIO immediately began to make aggressive demands and threats to GLOBAL, including but not limited to baseless demands that GLOBAL immediately return to all "non-refundable" monies previously paid to GLOBAL.

11. In an act of unfounded aggression and an attempted extortion, on August 7, 2022, Defendant maliciously sent a threatening email to GLOBAL stating, inter alia, "You have been exposed. Your actions have put me in a bad light and you have put my reputation in jeopardy with my clients. It's time I do the same with you…Bottom line – you have until 5pm Est Wednesday to return all the funds paid back to [Locascio's client's] partners or I will take the necessary actions to expose you. This includes the commitment fee, appraisal fee, and any other cent you have collected. Each 72 hrs that passes without a wire confirmation showing a return of ALL MONEY will lead me to progressing to the next step listed below."

12. When GLOBAL failed to meet Defendant's fictitious deadline as set forth in the email dated August 7, 2022, to GLOBAL, in a clear and unequivocal act of malice, retaliation and extortion, on August 11, 2022, Defendant created and publicly published false, defamatory and disparaging statements about GLOBAL on the website known as and by the Better Business Bureau.

13. Specifically, Defendant stated about GLOBAL on the Better Business Bureau website for New York businesses:

> I am writing my experience with the firm know as Global Capital Partners Fund, LLC … These guys are total scam artists and crooks. They have a long history of criminal activity…Global Capital Partners Fund was originally named 18 Prince Street, LLC owned and operated by Randi Marcus – Gregg's wife…. Randi and Gregg Marcus have owned several companies that have been shut down for

3

7843985.2

legal reasons. They are crooks. These major law [suits] have been announced by Kelly Currie, Acting United States Attorney General for the Eastern District of New York, and David A. Montoya, Inspector General for the Department of Urban Development, and Frederick W. Gibson, Acting Inspector General for the Federal Deposit Insurance Corporation.

14. Immediately following LOCASCIO publishing of the foregoing statements on the Better Business Bureau, Defendant sent an email to GLOBAL in furtherance of their malicious motivations notifying GLOBAL of this publication, stating: "All see attached. This is just the beginning. I think this should have good SEO along with the many many articles that will follow. News Stories. Personal investigators. I will uncover all your dirt and hidden bodies. People will google your firm and will be flooded with page after page of my story. Next up I will work with the OIG, the local DA and AG, FBI, and every bureau to bring you down. It will not end and I will not stop until you return their money."

15. When GLOBAL failed to meet LOCASCIO's fictitious deadlines, in a further clear and unequivocal act of malice, retaliation and extortion, on or about August 10, 2022, Defendant again created and publicly published false, defamatory and disparaging statements about GLOBAL on the website known as and by Birdeye.

16. Specifically, LOCASCIO stated about GLOBAL on Birdeye:

> I am writing my experience with the firm known as Global Capital Partners Fund, LLC or GCPF…These guys are total scam artists and crooks. They have a long history of criminal activity. They use a PR company to try and drown out their bad press – Searchberg.com…These publications are all self written proclamations. They use intimidation for suing people who leave bad reviews. How do I know? Because I have now been in contact with around 10 others who have had similar experiences as I have.
>
> See links at end for all their court cases.
> . . . . .
> Randi and Gregg Marcus have owned several companies that have been shut down for legal reasons. They are crooks.

4

7843985.2

Here's 2 examples, with many more if you research him.

Somerset Investment Corp. – shut down by the FHA and HUD
… . .
Gettysburg Funding Corp

17.    On or about August 11, 2022, LOCASCIO also published false, defamatory and disparaging statements about GLOBAL on the Google website.

18.    The false, defamatory and disparaging statements published on Google included: "These guys are total scam artists and crooks"; "They have a long history of criminal activity"; "They use intimidation for suing people who leave bad reviews. How do I know? Because I have now been in contact with 10 others who have had similar experiences as I have."; "Mr. Marcus has decades of criminal history"; "Randi and Gregg Marcus have owned several companies that have been shut down for legal reasons.  They are crooks"; and "These major law [suits] have been announced by Kelly Currie, Acting United States Attorney General for the Eastern District of New York, and David A. Montoya, Inspector General for the Department of Urban Development, and Frederick W. Gibson, Acting Inspector General for the Federal Deposit Insurance Corporation."

19.    Upon information and belief, LOCASCIO published similar false and defamatory statements on other websites in addition to the statements made on Better Business Bureau, Birdeye and Google.

20.    The statements referenced above made and published by LOCASCIO on Better Business Bureau, Birdeye and Google were precise in their meaning so as to give rise to clear factual implications which are false and unfounded.

21.    Specifically, the following statements by LOCASCIO are false, libelous, disparaging and defamatory: (a) GLOBAL is operated by total scam artists and crooks; (b) GLOBAL is a scam artist and crook; (c) GLOBAL's principals have a long history of criminal

5

activity; (d) major lawsuits by various prosecutorial bodies and federal agencies were brought by various prosecutorial bodies and federal agencies against GLOBAL, its principals and its principals' prior business ventures; (e) GLOBAL is currently the subject of major lawsuits by various prosecutorial bodies and federal agencies; (f) companies previously owned by GLOBAL's principal Gregg and his wife Randi Marcus "were shut down for legal reasons"; (g) "Somerset Investors Corp" was "shut down by the FHA and HUD;" and (h) that Gettysburg Funding Corp was shut down for legal reasons.

22.     The aforementioned statements made and published by LOCASCIO are easily disproven by verifiable facts and/or are objectively capable of disproof.

23.     The aforementioned statements made and published by LOCASCIO are not characterized as opinion but rather as fact.

24.     The context of the aforementioned statements made and published by Defendant were made with malice and solely as a means of retaliation and to injure the reputation and goodwill of GLOBAL and its principal(s) without any factual basis.

25.     Upon information and belief, LOCASCIO has fraudulently held himself out to be Gregg Pierce and/or Gregg Marcus on certain business-to-business websites, such as BUYERS ZONE.com, and fraudulently purported to submit inquiries on Gregg Pierce and/or Gregg Marcus to businesses, such as moving companies, payroll companies and collection agencies, in order to cause such the businesses to contact GLOBAL in connection with the fraudulent inquiries and cause undue harassment, clogging GLOBAL's phone lines, and diverting the time and attention of GLOBAL's personnel to respond to the fraudulent inquirers.

6

7843985.2

## AS AND FOR A FIRST CAUSE OF ACTION
### (Libel *Per Se*)

26.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 25 as if more fully set forth at length herein.

27.     On August 10 and 11, 2022, Defendant made false and disparaging statements falsely attacking GLOBAL's business, business practices, professionalism, ethics, ability, honesty, truthfulness and integrity, on the Better Business Bureau, Birdeye and Google websites.

28.     The following defamatory statements make false and disparaging statements about GLOBAL's professional standing as a hard money/commercial lender and attacking GLOBAL's skill, professionalism, ethics, ability, honesty, truthfulness and integrity by falsely stating that (a) GLOBAL is operated by scam artists and crooks; (b) GLOBAL is a scam artist and crook; (c) GLOBAL's principals have a long history of criminal activity; (d) major lawsuits by various prosecutorial bodies and federal agencies were brought by various prosecutorial bodies and federal agencies; (e) GLOBAL is currently the subject of major lawsuits by various prosecutorial bodies and federal agencies; (f) companies previously owned by GLOBAL's principal Gregg and his wife Randi Marcus "were shut down for legal reasons"; (g) "Somerset Investors Corp" was "shut down by the FHA and HUD;" and (h) that Gettysburg Funding Corp was shut down for legal reasons.

29.     The above-mentioned statements are false and defamatory.

30.     The above-mentioned statements publicly published by Defendant constitute Libel Per Se in that they negatively reflect upon and disparage Plaintiff's professional standing and abilities as a hard money/commercial lender, and Plaintiff's ethics, honesty, truthfulness and integrity.

31.     The above-mentioned statements publicly published by Defendant LOCASCIO further constitute Libel Per Se in that they falsely allege that (a) Plaintiff acted in an unethical

7

7843985.2

fashion in its business dealings with Defendant, (b) Plaintiff continues to act in an unethical fashion, and (c) GLOBAL's alleged behavior in this regard has been recognized as being unlawful by Kelly Currie, Acting United States Attorney General for the Eastern District of New York, and David A. Montoya, Inspector General for the Department of Urban Development, and Frederick W. Gibson, Acting Inspector General for the Federal Deposit Insurance Corporation -- who Defendant falsely claims have all commenced lawsuits against GLOBAL.

32.     The above-mentioned statements publicly published by Defendant further constitute Libel Per Se in that they allege and attribute to GLOBAL a history of criminal activity, that they are "crooks", and that prior businesses in which GLOBAL's principal, Gregg Marcus and his ex-wife Randi Marcus were affiliated with were "shut down for legal reasons" and by the "FHA and HUD".

33.     The above-mentioned statements publicly published by Defendant are false and defamatory and expose GLOBAL to public hatred, contempt, ridicule, disgrace, and obloquy.

34.     Since Defendant publicly published the false and defamatory statements on the Better Business Bureau, Birdeye and Google, their libelous statements have been viewed by multiple individuals.

35.     Defendant made the defamatory statements described above knowing that they were false and without any reasonable basis and/or fact to make such statements.

36.     Defendant made the defamatory statements described above with reckless disregard for their truth and/or falsity.

37.     Defendant knew that he had no reliable and/or unbiased evidence or information supporting the above-mentioned statements.

8

7843985.2

38.     Defendant failed to properly determine the truth and/or falsity of their libelous statements prior to publishing the above-mentioned defamatory statements.

39.     The defamatory statements were made with malice.

40.     As a direct and proximate result of the defamatory statements published by Defendant, Plaintiff's good name and reputation in its profession and trade as a commercial lender and business operator for high quality, professionalism, skill, ability, honesty, integrity, and ethics have been injured and damaged.

41.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial against Defendant.

**AS AND FOR A SECOND CAUSE OF ACTION**
**(INJURIOUS FALSEHOOD)**

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 41 as if more fully set forth at length herein.

43.     The defamatory statements published by Defendant irreparably harmed Plaintiff's good name, reputation, and credit as a commercial lender and business operator resulting in the damage of business relations.

44.     The publication of the above-mentioned defamatory statements by Defendant falsely put potential and current customers on notice that Plaintiff's skill, professionalism, ethics, ability, honesty, truthfulness and integrity are poor, below standard, and/or are substandard, that Plaintiff and its employees are, *inter alia*, "crooks" who "have a long history of criminal activity", have had "several companies shut down for legal reasons" including those "shut down by the FHA and HUD".

9

45.     As a result of the malicious and intentional infliction of harm without excuse or justification, Defendant's defamatory statements caused Plaintiff, with the intent to cause injury, to lose a potential business opportunity with an entity that was prepared to enter into a transaction with Plaintiff that would have generated approximately $1.2 million in fees for Plaintiff, and also to lose another potential business opportunity with another entity was prepared to enter into a transaction with Plaintiff that would have generated approximately $1 million in fees for Plaintiff.

46.     Upon information and belief, Plaintiff lost additional potential business opportunities with potential parties that were interested in entering into business transactions with Plaintiff.

47.     Plaintiff respectfully submits that in making the injurious, false, defamatory, and disparaging statements, Defendant, acted with malice, actual malice, oppression, or fraud, and is thus responsible for punitive damages in an amount to be determined at trial.

48.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial against Defendant.

## AS AND FOR A THIRD CAUSE OF ACTION
### (DISPARAGEMENT)

49.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 48 as if more fully set forth at length herein.

50.     Defendant published false and disparaging statements about Plaintiff's professional abilities as a commercial lender and business operator including its skill, professionalism, ethics, ability, honesty, truthfulness and integrity alleging, *inter alia*, Plaintiff and their business are "crooks" who "have a long history of criminal activity", have had "several companies shut down for legal reasons" including those "shut down by the FHA and HUD".

10

7843985.2

51.     Defendant knew that these statements were false, or recklessly disregarded the possibility that they were false.

52.     Defendant did not retract the false and/or recklessly made statements.

53.     Defendant had no absolute or qualified privileges protecting the false statements.

54.     Plaintiff suffered special damages and harm to their reputation and good will among their employees, peers, colleagues, and their community resulting from Defendant' publication of the false and/or recklessly made statements.

55.     As a result of the malicious and intentional infliction of harm without excuse or justification, Defendant's defamatory statements caused Plaintiff, with the intent to cause injury, to lose a potential business opportunity with an entity that was prepared to enter into a transaction with Plaintiff that would have generated approximately $1.2 million in fees for Plaintiff, and also to lose another potential business opportunity with another entity was prepared to enter into a transaction with Plaintiff that would have generated approximately $1 million in fees for Plaintiff.

56.     Upon information and belief, Plaintiff lost additional potential business opportunities with potential parties that were interested in entering into business transactions with Plaintiff.

57.     By reason of the foregoing, Plaintiff has been damaged in an amount to be determined at trial, but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial against Defendant.


## AS AND FOR A FOURTH CAUSE OF ACTION
### (Tortious Interference with Business Relations)

58.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs 1 through 57 as if more fully set forth at length herein.

11

7843985.2

59.     Through Defendant' defamatory statements, Plaintiff has lost potential customer(s), which whom it had a reasonable expectation of entering into loan application(s) and commitment(s) to lend money.

60.     Defendant's defamatory statements caused Plaintiff, with the intent to cause injury, to lose a potential business opportunity with an entity that was prepared to enter into a transaction with Plaintiff that would have generated approximately $1.2 million in fees for Plaintiff, and also to lose another potential business opportunity with another entity was prepared to enter into a transaction with Plaintiff that would have generated approximately $1 million in fees for Plaintiff.

61.     Upon information and belief, Plaintiff lost additional potential business opportunities with potential parties that were interested in entering into business transactions with Plaintiff.

62.     As a result of Defendant's defamatory statements and the publishing of same on Better Business Bureau, Birdeye and Google, Plaintiff has suffered and is suffering substantial economic injury for the loss of prospective customers and business.

63.     That Plaintiff has suffered damages as a proximate cause of Defendant' defamatory statements in an amount to be determined at trial but which should not be less than $2,500,000.00.

## PRAYER FOR RELIEF

**WHEREFORE,** the GLOBAL prays that this Court enter an order and judgment in its favor and against Defendant awarding the GLOBAL:

(a) On its First Cause of Action in an amount to be determined at trial but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial;

7843985.2

(b) On its Second Cause of Action in an amount to be determined at trial but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial;

(c) On its Third Cause of Action in an amount to be determined at trial but which should not be less than $2,500.000.00, and for punitive damages in an amount to be determined at trial;

(d) On its Fourth Cause of Action in an amount to be determined at trial but which should not be less than $2,500,000.00, and for punitive damages in an amount to be determined at trial;

(e) All together with interest, costs, disbursements and legal fees incurred in this action; and

(f) Such other and further relief as the Court may deem just and proper.

Dated: East Meadow, New York
September 30, 2022

CERTILMAN, BALIN, HYMAN & ADLER, LLP

  s/ Paul Sweeney
By: Paul Sweeney, Esq.
*Attorneys for Plaintiff*
90 Merrick Avenue
East Meadow, NY 11554
(516) 296-7000
ps@cbah.com

13

7843985.2