# Exhibit G

## Ghattas Law Firm Retainer Agreement

This Agreement ("Agreement") is entered between Commercial Private Equity, LLC ("CPE"), Christopher Polk ("Polk"), individually and Joseph Malvasio ("Malvasio") a/k/a Joe Cohen, individually (Collectively "CPE", "Polk" and "Malvasio" referred to as "Clients or Client") and the Ghattas Law Firm ("the Firm").  This Agreement sets forth fees, terms of payment, and conditions by which the Firm will represent the Clients.

Clients retain the Firm to represent Clients in the following matter:

AAA MATTER NO: 1-23-0000-6151 NFG Asset Holding, LLC v.

Commercial Private Equity, LLC, Chris Polk and Joseph "Cohen."

**Compensation, Retainer, Security**

Client agrees to compensate the Firm for its representation in the following manner:  At the rate of $350.00 per hour for Mr. Ghattas' legal services and $125.00 for paralegal and $45.00 for support staff.   Client shall pay an initial retainer of $5000.00 into the Firm's Trust account to be used for payment of fees and expenses. Client agrees to pay invoices upon receipt after the retainer is exhausted.  If after the payment of all legal fees and expenses Client has a balance remaining in monies held by the Firm for the Client in trust, the Firm shall refund these monies to the Client.  The Firm can request a retainer at any time towards future legal work.

Client may pay any and all fees and expenses owed by use of a Master Card, Visa, American Express, Discover, or other valid charge card that is acceptable to the Firm.  Client so authorizes use of the following credit card:

Credit Card Type (Visa, etc.): _____

Credit Card Number: _____

Expiration Date on Credit Card:  _____

Zip code of billing address for this Credit Card:  _____

Security Code:  _____

The Firm retains the right to require additional retainer money from time to time, or to ask for additional security, including, but not limited to the right to request a trial retainer in an amount that the Firm deems reasonably necessary to cover the estimated costs of legal fees and expenses through trial, less any monies held in trust, and less any security interest that the client may have granted Mr. Ghattas as security for legal fees and expenses.

The Firm is hereby granted an Attorney's Lien on the Client's case for any unpaid legal fees or expenses.  A 3.5% fee is charged on all credit card transactions.

Addendums, if Applicable (by handwriting):  See Attached if applicable.

**Services Provided and Billing**

An attorney provides time and advice; our charges include, among other things, time spent in person and telephone conferences, drafting pleadings, research, court appearances and travel.  We are representing you on an hourly fee arrangement.  Any fees we quote you are merely estimates.  Your adversary, the opposing attorneys or others, may engage in activities beyond our control requiring us to expend additional time not ordinarily contemplated.

Our charges are based on time expended and performance of these services.  All time records are maintained and recorded in 1/10 hour increments.  1/10 being the minimum billed for any task.  We will send you a monthly statement; the Client may inspect the original time records at any time upon reasonable notice.

The court may order your adversary to pay part or all of your attorney's fees and costs.  Such awards, however, are unpredictable.  You will remain liable for payment of all fees and costs.  Any amount received pursuant to court order will be credited to your account and any excess upon legal fees and expenses owed the Firm will be distributed to the Client.

The Client understands that the Firm cannot and does not guarantee a favorable outcome of this or any other matter or proceeding.  Nevertheless, the Client is responsible to pay the total fees and any costs actually incurred.

The Firm will send Client a monthly invoice statement detailing all fees and expenses.  It is Client's responsibility to review said invoice statement on a timely basis and Client expressly waives his or her right to contest the invoiced amounts unless Client complains in a specific and definitive writing that is received by the Firm no later than 30 days from the date of the invoice statement the exact and specific nature of their dispute with the invoiced amount(s).

**Withdrawal of Representation**

Once the Client has instructed the Firm to stop work, the Firm may cease work and owes no further obligation to continue working on the case thereafter.  The Client grants the Firm permission to withdraw as counsel from the case under such circumstances.  In the event such retainer, fees or costs owed the Firm pursuant to this Agreement are not promptly paid, or other

2

payment arrangements agreeable to both parties made, the Firm shall be immediately entitled to withdraw from representation of the Client.  The Client shall also be obligated to cooperate with the Firm throughout the course of representation.  The Firm shall be immediately entitled to withdraw from representation of the Client in the event the Client fails to cooperate.  The Client acknowledges that this case is an advanced stage and this issue has been fully explained and it is her desire to move forward.

**Expenses**

Expenses include such things as court filing fees, service of process, appraisals, investigations, expert witnesses, depositions, copies, long-distance, facsimiles, mileage, shipping expenses, and other expenses incurred in representing the Client.  Should it become necessary to expend costs on the Client's behalf, Client will be expected to pay these costs in advance.  The Firm will not, without our prior written approval, advance sums on the Client's behalf.  Client agrees that any money remaining in the trust account at the end of the case may be transferred to payment of unpaid attorneys' fees and/or costs and expenses.  If all fees and expenses are paid in full, the balance of the money held in the trust account will be refunded to the Client.

Should the Client desire a copy of the contents of his or her file, a reasonable copy fee will be charged.  Client realizes that the Firm will store Client's file, including all papers in it, for two years, but after two years of inactivity, the Firm may destroy the file unless the Client picks it up.

Client agrees to be bound by any supplemental agreements signed by the Client and the Firm, which may include the granting of a security interest in the Client's property to secure legal fees and expenses owed pursuant to this Agreement.

**This is a Commercial Account**

This Agreement is a commercial account, and a finance charge of 1.5% per month (or the maximum allowed by law) shall be imposed upon any balance due and owing as of the last day of the previous month.

**Waiver of Conflicts**

Clients agree and understand that there exists the potential that conflicts may arise between them concerning their individual representation.  Should any such irreconcilable conflicts develop between the Clients herein it is agreed and understood that, absent unanimous agreement between The Firm and the Clients, The Firm shall continue representation of CPE and Polk, and Malvasio will secure their own independent counsel.

( _____ CPE by _____; ____ C. Polk, individually; ____ J. Malvasio, individually)

ATTORNEY:                                          CLIENTS:

_____                            _____
Ghattas Law Firm,                                  Commercial Private Equity LLC
By: <u>David E. Ghattas</u>                         By: _____
Date: _____        `                       Date: _____

                                                   _____
                                                   Christopher Polk
                                                   Date: _____

                                                   _____
                                                   Joseph Malvasio
                                                   Date: _____

4