# Exhibit H

## DAVID E. GHATTAS, ESQ.
### LAW OFFICES OF DAVID E. GHATTAS, PC
### 155 FOAL DRIVE
### ROSWELL, GEORGIA 30076

DGHATTAS1@AOL.COM

(404) 643-1249

**VIA EMAIL AND U.S.P.S. PRIORITY MAIL**

April 12, 2023

Georgia Major, Jr., Esq.
William B. Hunter, Esq.
OLIVER MANER LLP
218 West State Street
Savannah, Georgia  31401

**RE:   NFG ASSET HOLDINGS, LLC V. COMMERCIAL PRIVATE EQUITY, LLC, CHRIS POLK AND JOSEPH COHEN: AAA CIVIL ARBITRATION FILE NO.: 01-23-0000-6151**

Gentlemen:

I am looking forward to working with you on this case.

I entered my initial appearance on behalf of CPE prior to reception of the Demand For Arbitration and Statement Of Claim ("Demand").  Upon my retrieval of the Demand from the AAA Docket Management System I immediately amended my Entry to reflect representation of CPE and the individuals (Chris Polk and Joseph Cohen) who are also named as Respondents.

My review of the Demand[1] reveals no justifiable basis for the inclusion of Messrs. Polk and Cohen, individually, as Parties.  Further, it is indisputable that Respondents Polk and Cohen lack privity of contract with NFG and are not subject to the Arbitration clause contained in the Agreement between NFG and CPE.  Therefore, should you fail to dismiss your claims as to the individual Respondents on or before the Preliminary Hearing on April 27, 2023, I will raise, pursuant to Paragraph 2 (Parties) of the Preliminary Hearing Order, the issue of improper parties being included on the merits and, further, announce that Messrs. Polk and Cohen will not voluntarily submit to these Arbitration proceedings due to the absence of jurisdiction.

---

[1] Although the "Complaint" is not verified, I am operating under the assumption that the averments asserted therein will be made under oath during our discovery phase(s) in the AAA and Federal litigation.

Georgia Major, Jr., Esq.
William B. Hunter, Esq.
April 12, 2023
Page two

This position is grounded, *inter alia*, upon the U.S. Supreme Court opinion in Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79 (2002):

> . . . This Court has determined that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."
> *Steelworkers* v. *Warrior & Gulf Nav. Co.,* 363 U. S. 574, 582 (1960)
>
> . . .
>
> The question whether the parties have submitted a particular dispute to arbitration, i. e., the *"question of arbitrability,"* is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *AT&T Technologies, Inc.* v. *Communications Workers,* 475 U. S. 643, 649 (1986) (emphasis added)
>
> . . .
>
> Thus, a gateway dispute about whether the parties are bound by a given arbitration clause raises a "question of arbitrability" for a court to decide. See id., at 943-946 (holding that a court should decide whether the arbitration contract bound parties who did not sign the agreement) . . .

Your failure to accede to the above will necessitate our employment of the option to file a Motion To Stay these proceedings in the District Court for the Northern District Of Georgia as provided by the Federal Arbitration Act. In that event all applicable fees and costs will be sought against you, your firm and your client.

I am also required to advice each individual Respondent to seek independent legal advice regarding potential conflicts and procedural options. If the decision is made to seek relief through a Federal Action or they remain in the Arbitration through discovery and eventually dismissed through a dispositive motion then an enormous amount of resources will have been expended and wasted by NFG and CPE. Additionally, it is more likely than not that a final resolution would be delayed until well into 2024 or beyond.

Georgia Major, Jr., Esq.
William B. Hunter, Esq.
April 12, 2023
Page three

It appears that a practical resolution would be to dismiss the individual parties and, should it be determined that their addition is necessary then a Motion To Add Parties would lie. If we are unable to resolve this issue, it may be necessary to continue the preliminary hearing to allow the individual Respondents to obtain counsel.

I trust that this makes clear the position of my clients following my preliminary review of the case thus far. Please contact me directly if you feel that it will be useful in our efforts to move forward economically and efficiently.

With kind regards.

LAW OFFICES OF DAVID E. GHATTAS, PC

David E. Ghattas

c.    Commercial Private Equity, LLC
      Chris Polk
      Joseph Cohen