

TALKIN MUCCIGROSSO & ROBERTS LLP

May 16, 2026

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    United States v. Malvasio, et al.
       23 Cr. 396 (JMF)

Dear Judge Furman:

The undersigned represents Joseph Malvasio in the above captioned matter.  We write to request that defense expert Scott Carnahan be permitted to testify on June 17 or June 18,  dates that are expected to be either at the very end of the government's case or after the government has rested.  The government objects to the request in the event that it means calling Mr. Carnahan out of order, noting that he is an expert witness and asserting that the length of his testimony will be disruptive to its presentation of its case-in-chief.

The defense initially noticed the testimony of Mr. Carnahan on January 27, 2026.  *See* Carnahan Notice, Dkt. 187-2.  Prior to that time, defense counsel had confirmed with Mr. Carnahan that he was available to testify during the entirety of the then-scheduled trial set to commence on March 2, 2026.  During a conference on January 29, 2026, in light of a defense request necessitated by voluminous late discovery from the government, the Court adjourned the trial date to its current schedule with a start date of June 8, 2026.

After the change in schedule, the undersigned contacted Mr. Carnahan with the updated trial schedule, and he informed us that he has a prepaid 10-day family vacation with all four of his grown children and their families—a logistically complicated endeavor—for which he is flying to Hawaii on June 19 and would thus be unavailable during the third and final week of trial.  Because it was very likely that Mr. Carnahan's appearance would be challenged by the government and the subject of motion practice and the ample time until trial, the undersigned waited to raise the matter with the government.

The government filed a motion to exclude Mr. Carnahan on March 17, 2026.  Dkt. 187.  While the motion was still pending, the government, in its motions *in limine*, again moved to exclude at least part of Mr. Carnahan's testimony on April 27, 2026.  Dkt. 195.  Though the motions were still pending, because trial was approaching, the undersigned contacted the government regarding this potential scheduling issue on May 7, 2026.  On May 13, 2026, the Court granted in part and denied in part the government's motion to exclude Mr. Carnahan, permitting him to testify but precluding testimony regarding secondary market financing.  Dkt. 200.  Immediately after issuance of that order, the

undersigned again contacted the government regarding the issue of taking Mr. Carnahan out of order. Shortly thereafter, counsel for Mr. Marcus made a separate request to accommodate the schedule of a defense fact witness—a former real estate appraiser who did work for the defendants—and noted that he was in his 70s and would be coming from out of town and was available on June 12 or 15. The government responded later that evening that it was still considering Mr. Malvasio's request and would respond regarding both witnesses the following day. On May 14, the undersigned again emailed requesting the government's position. The government responded by asking both defendants for an estimate of the length of their respective direct examinations, to which Mr. Malvasio estimated 2-3 hours for Mr. Carnahan's examination and counsel for Mr. Marcus estimated 1-2 hours for the fact witness.

During a meet and confer call two days ago, the government stated that it would consent to calling Mr. Marcus's fact witness out of order but that it opposed Mr. Carnahan testifying out of order because of the length of his testimony and because he was an expert who should have known the trial date when he agreed to take on this matter. The government stated that its position was not affected by the fact that the trial date had changed subsequently to Mr. Carnahan's retention.

As discussed below, counsel for Mr. Marcus has agreed that in the event only one defense witness can be taken out of order, that witness should be Mr. Carnahan. Therefore, the instant request is not materially different from what the government has already agreed to.

Federal Rule of Evidence 611(a)(1) states, among other things, that the Court "should exercise control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth." The mode and order of questioning witnesses lies in the Court's discretion. *United States v. Singh*, 811 F.2d 758, 763 (2d Cir. 1987); *see also Loinaz v. EC & G, Inc.*, 910 F.2d 1, 6 (1st Cir. 1990) ("Decisions regarding the management of the trial calendar and the courtroom proceedings are particularly within the province of the trial judge."). Accordingly, the Court has ample discretion to permit an expert witness to testify during an opposing party's presentation of its case. *See*, *e.g.*, *AMTRAK v. Certain Temporary Easements Above the R.R. Right of Way in Providence, R.I.*, 357 F.3d 36, 42 (1st Cir. 2004) (affirming trial court's ruling allowing plaintiff to call defendant's appraisal expert during plaintiff's case-in-chief).

Permitting Mr. Carnahan to testify out of order—if necessary—would further the Rules of Evidence's goal to promote determination of the truth. The Court noted that "the average juror is unlikely to have heard about, or participated in, the hard money lending industry specifically." Dkt. 200 at 9. As the Court is aware from the extensive briefing regarding Mr. Carnahan, his testimony will orient the jury regarding the industry that is central to this case, explain to the jurors how private lending differs from traditional banking and finance, and refute certain arguments the government has advanced regarding inferences that it will ask the jury to make from the defendant's low closure rate and the substantial upfront fees they charged. Were Mr. Carnahan not permitted to testify on June 17 or 18, he would not be available and defendants (and the jury) would be deprived of critically important testimony for determining the truth of what occurred in this case.[1]

The government's objections to calling Mr. Carnahan on the proposed dates are attenuated, and merit very little weight in the balance against the alternative of depriving the jury of Mr. Carnahan's

---

[1] Defendants researched and interviewed scores of ultimately unsuitable potential hard money experts before we found Mr. Carnahan. Even if there were more time, it is exceedingly unlikely Mr. Malvasio could find another expert witness to replace Mr. Carnahan.

testimony.  First, the government asserted that Mr. Carnahan should have flagged the scheduling issue at the time of his retention.  But, as discussed, there were no scheduling issues when he was noticed.  The timing issue only occurred after the trial date was adjourned.  Next, the government argues that Mr. Carnahan's testimony will interrupt its presentation of its case.  There is a good chance that the government will have completed its case by the proposed dates, and this issue will be mooted.  If government case is not completed by the requested dates, its case-in-chief will certainly be well established to the point that calling a witness out of order would not in any way meaningfully disrupt its presentation of evidence.

At the October 9, 2025, conference before this Court, the government acknowledged that it had previously contemplated its case taking only a week and that its revised projection of two weeks was a "conservative estimate" and that "I would hope we could keep it concise and keep it below two weeks." Tr. 4:15-18.  In the event that the government has not rested, June 18—the last trial day of the second week—will be at the very end of its presentation of the evidence and, with over a month until the proposed dates, the government has ample time to work around Carnahan's the slight interruption of a single witness.  Moreover, as we told the government, Mr. Carnahan's testimony will not be lengthy.  Even with cross-examination, he will probably not take more than half a trial day.  Additionally, Mr. Carnahan's testimony is not meaningfully longer than that of the fact witness whom Mr. Marcus requests to call out of order.  We have agreed with counsel for Mr. Marcus, and they have agreed that, should only one witness be permitted to testify during the government's case, it should be Mr. Carnahan.

For the above reasons, we respectfully request that Mr. Carnahan be permitted to testify on June 17 or 18, regardless of whether the government has rested.  Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

*Sanford Talkin*
Sanford N. Talkin

cc: All counsel (by ECF)

The defense could have and should have addressed this months ago.  Be that as it may, in light of the Government's response, the Court is confident that the schedule can be managed in a way that will enable Mr. Carnahan to testify without affecting his travel plans.  The Court will address the precise timing with the parties as trial proceeds.

The Clerk of Court is directed to terminate ECF No. 210.

SO ORDERED.

May 20, 2026