UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                         :

UNITED STATES OF AMERICA             :

                       :

        -v-                     :                23-CR-396 (JMF)

                       :

JOSEPH MALVASIO et al.,          :          OPINION AND ORDER

                       :

            Defendants.        :

                       :

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      Joseph Malvasio, Gregg Marcus, and Christopher Polk are charged with wire fraud and

conspiracy to do the same in connection with an alleged scheme to defraud borrowers seeking

loans.  *See* ECF No. 70 ("Indictment"), ¶¶ 2-4.  In advance of trial, which is scheduled to begin

on June 8, 2026, the Government has filed a slew of motions *in limine*.  *See* ECF No. 195.  The

Court previously ruled on one of the Government's motions.  *See* ECF No. 199.  The Court rules

on the Government's remaining motions as follows:

- **Motion *in Limine* #1 (to admit evidence of Marcus's felony conviction and civil settlement with the United States):** The motion is GRANTED in large part, substantially for the reasons set forth in the Government's memoranda of law.  *See* ECF No. 195 ("Gov't Mem."), at 9-14; ECF No. 213 ("Gov't Reply"), at 1-7.  That said, the Court reserves judgment on (1) whether the Government may introduce Marcus's guilty plea allocution (in lieu of, or in addition to, the criminal judgment) and (2) whether the Government may introduce evidence that, in connection with the settlement, Marcus agreed to pay the United States $175,000.  **The parties should be prepared to address each of those issues at the June 2, 2026 final pretrial conference.**  Further, the Court is prepared to give appropriate limiting instructions to the jury on this issue.  No later than **June 4, 2026**, the parties should confer and file agreed-upon proposed limiting instructions (or competing instructions).

- **Motion *in Limine* #2 (to admit evidence of Defendants' use of the alleged fraud proceeds):** The motion is GRANTED, subject to specific objections to particular evidence offered at trial, substantially for the reasons set forth in the Government's memorandum of law.  *See* Gov't Mem. 14-15.  Further, the Court is prepared to give appropriate limiting instructions to the jury on this issue, if requested by Defendants.

No later than **June 4, 2026**, the parties should confer and, if appropriate, file agreed-upon proposed limiting instructions (or competing instructions).

- **Motion *in Limine* #3 (to allow into evidence domestic business records under Rules 803(6) and 902(11)):** The motion is DENIED as premature in light of Defendants' representation that they "will not challenge and perhaps stipulate to the admission of certain business records."  ECF No. 198 ("Defs.' Opp'n"), at 12.  The Government may renew the motion — identifying the precise exhibits it seeks to admit — if the parties have not reached agreement by the final pretrial conference.

- **Motion *in Limine* #4 (to allow hypothetical questions to show materiality):** The motion is GRANTED, subject to specific objections to particular questions posed at trial, substantially for the reasons set forth in the Government's memorandum of law. *See* Gov't Mem. 16-17.

- **Motion *in Limine* #5 (to admit statements made by Defendants and their agents):** Although the Government's motion fails to identify with particularity any statements or documents, the Court agrees that the categories of statements and documents discussed in the Government's motion are likely admissible over a hearsay objection, either because they are not offered for their truth or they are not hearsay under Rule 801(d)(2)(D) or (E) of the Federal Rules of Evidence.  To the extent that Defendants believe any statement conditionally admitted at trial should not have been so admitted, they should seek relief at that time.  *See, e.g.*, *United States v. Geaney*, 417 F.2d 1116, 1120 (2d Cir. 1969).

- **Motion *in Limine* #6 (to preclude evidence and arguments (a) blaming victims for purported gullibility or negligence; (b) blaming victims for agreeing to contractual provisions or claiming that defendants are not guilty because of such contracts; and (c) that the defendants' business practices were similar to others in the hard money lending industry):** The motion is GRANTED in part and DENIED in part.[1]  Defendants do not dispute that it would be improper to argue or otherwise adduce evidence that the victims of the alleged scheme were negligent, gullible, or insufficiently vigilant in discovering the charged fraud; that any victim is to blame (or was not defrauded as a matter of law) because he or she agreed to particular contractual provisions; or that Defendants' actions were lawful because others engaged in similar conduct.  *See* Defs.' Opp'n 13-22, 24-30.  At that level of generality, the motion is therefore GRANTED.  That said, the Court agrees with Defendants that the Government seeks to go beyond that and preclude evidence and arguments that are relevant and proper, such as whether loan applications were properly denied under the terms of the relevant agreements and whether, in light of the terms and conditions of the contract, there were any misrepresentations at all.

---

[1]     Motion *in Limine* #6 also concerns Defendants' successful civil arbitrations with several victims.  *See* Gov't Mem. 24-28.  The Court addressed that portion of the motion in a Memorandum Opinion and Order entered on May 12, 2026.  *See* ECF No. 199.

Further, the Court has already ruled that "testimony about industry practice" can be "relevant and probative in evaluating a defendant's conduct against the standards of accepted practice." ECF No. 200, at 10 (cleaned up). To these extents, therefore, the Government's motion is DENIED without prejudice to objections to particular evidence or arguments at trial. Put simply, the Court is confident that it can police the line between proper and improper evidence and arguments on these issues at trial.

- **Motion *in Limine* #7 (to preclude Defendants from calling FBI Special Agent Craig Minsky):** The motion is DENIED as premature in light of Defendants' representation that the issue is likely to be resolved. *See* Defs.' Opp'n 30. The Government may renew the motion if the parties have not reached agreement by the final pretrial conference.

- **Motion *in Limine* #11 (to exclude evidence and argument concerning Defendants' (a) family, background, age, health, or other personal characteristics; (b) prior commission of "good acts" or non-commission of other bad acts; and (c) possible punishment or consequences)):** The motion is DENIED as moot in light of Defendants' representation "that they do not currently intend to offer the relevant categories of evidence at trial." Defs.' Opp'n 31 (cleaned up). Should Defendants' intentions change, they must first notify the Government and the Court before offering any such evidence or argument.

*          *          *          *

The Clerk of Court is directed to terminate ECF No. 195.

SO ORDERED.

Dated: May 27, 2026
    New York, New York
                                     JESSE M. FURMAN
                                     United States District Judge