**ELJN** | ELLIOTT LEVINE JAROSLAW NEILS LLP

One Grand Central Place
60 East 42nd Street, Suite 1570
New York, NY 10165
tel: +1 (212) 321-0510

www.eljnlaw.com

Ilene Jaroslaw
ijaroslaw@eljnlaw.com
Direct: +1 (917) 763-9852

June 5, 2026

**Via ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

> Re:   United States v. Joseph Malvasio *et al.*
>        23 Cr. 396 (S-1) (JMF)

Dear Judge Furman:

On behalf of Mr. Marcus, we submit this letter motion to quash the government's trial subpoena served on us today, June 5, on the eve of trial (the "Subpoena"). *See attachment.* The subpoena is untimely, unreasonable, and oppressive. Its enforcement would serve only to divert Mr. Marcus's limited resources at a time when his trial team is focused on the imminent trial in which his liberty hangs in the balance.

Mr. Marcus was arrested on August 10, 2023. He and Mr. Malvasio had been under investigation by the government since at least January 2023, when the FBI began preserving the Global Capital Partners Fund website.

Having investigated this case for more than three years, the government chose today – the last business day before trial – to serve Mr. Marcus with a subpoena requiring him to produce the following documents:

1. All documents relating to loans you or any company in which you were involved funded between 2003 and the present.

2. For the period from March 1, 2017 through the present, please produce all communications, including, but not limited to, text messages, WhatsApp messages, and emails, in your possession, custody, and control between you and any of these individuals: Joseph Malvasio a/k/a "Joe Cohen", Christopher Polk a/k/a "Myron Miles", Richard Caswell a/k/a "Richard Charles", Myron Miles, and Phillip Ruthen.

ELLIOTT LEVINE JAROSLAW NEILS LLP

3.      For the period from March 1, 2017 through the present, please produce all communications, including, but not limited to, text messages, WhatsApp messages, and emails, in your possession, custody, and control between you and any of these individuals: Bruce Greenberg and Ericka Simmons.

4.      For the period from March 1, 2017 through the present, please produce all appraisal reports, including draft appraisal reports, prepared by Archstone Group and any other appraiser in your possession, custody, and control.

5.      For the period from March 1, 2017 through the present, please produce all communications, including, but not limited to, text messages, WhatsApp messages, and emails, in your possession, custody, and control between you and any of these individuals: Matthew Dragalin a/k/a "Matthew Peters", and Jason Hescock.

6.      For the period from March 1, 2017 through the present, please produce all communications, including, but not limited to, text messages, WhatsApp messages, and emails, in your possession, custody, and control between you Eric Greenfield.

7.      For the period from March 1, 2017 through the present, please produce all communications, including, but not limited to, text messages, WhatsApp messages, and emails, in your possession, custody, and control between you and any borrower or prospective borrower, or any borrower's or prospective borrower's agent, including brokers.

8.      For the period from January 1, 2003 through the present, please produce all financial records in your possession, custody, and control, including tax records, for you in your personal capacity, and for any entity that you owned, managed, or controlled at any point during that period, including, but not limited to, Global Capital Partners Fund, Commercial Private Equity, Harbor Equity, Harbor Private Equity, National Commercial Mortgage, Inc., Hawksnest Properties Inc., JAM, Inc., and 18 Prince Street LLC, including but not limited to all purported successor entities.

9.      All records pertaining to any payment made to the Department of Justice by Gregg Marcus.

It is well-settled that a subpoena issued under Federal Rule of Criminal Procedure 17 "[i]s not intended to provide a means of discovery for criminal cases," nor is it "intended as a general 'fishing expedition.'" *United States v. Nixon*, 418 U.S. 683, 698, 94 S. Ct. 3090, 3103, 41 L. Ed. 2d 1039 (1974). When a party moves to quash a subpoena as "unreasonable or oppressive" under Rule 17(c), the proponent of the subpoena "must clear three hurdles: (1) relevancy; (2) admissibility; (3) specificity." *Nixon*, 418 U.S. at 700.

"[T]he specificity requirement is intended 'to provide the subpoenaed party . . . with enough knowledge about what documents are being requested so as to lodge any objections on relevancy or admissibility,'" as well as ensure that the subpoena "'will not be used as a fishing

ELLIOTT LEVINE JAROSLAW NEILS LLP

expedition to see what may turn up.'" *United States v. Avenatti*, No. S119CR373PGG, 2020 WL 508682, at \*4 (S.D.N.Y. Jan. 31, 2020) (quoting *United States v. Libby*, 432 F. Supp. 2d 26, 32 (D.D.C. 2006)).  The subpoena "must be able to 'reasonably specify the information contained or believed to be contained in the documents sought' rather than 'merely hop[e] that something useful will turn up.'" *United States v. Mendinueta-Ibarro*, 956 F. Supp. 2d 511, 513 (S.D.N.Y. 2013) (quoting *United States v. Louis*, No. 04 CR, 203 (LTS), 2005 WL 180885, at \*5 (S.D.N.Y. Jan. 27, 2005)).  Conversely, subpoenas that seek "all" documents in a category, "without mention of 'specific admissible evidence,' justify the inference that the [proponent] is engaging in the type of 'fishing expedition' prohibited by *Nixon*."  *Id.*

Here, the government falls woefully short of satisfying the specificity prong, making it impossible for Mr. Marcus to assess relevance and admissibility. The Subpoena does not even attempt to "specify the information contained or believed to be contained in the documents sought." *Mendinueta-Ibarro*, 956 F. Supp. 2d at 513.  Instead, the Subpoena makes nine broad, sweeping requests, including: *all* communications over a *nine-year* period between Mr. Marcus and various other individuals (including Mr. Marcus's spouse), without any limitation on the subject matter of those communications; *all* financial and business records spanning more than *two decades*; and *all* documents pertaining to payments Mr. Marcus made to the Department of Justice, without any limitation on time or subject matter.  Courts have held that even requests covering far shorter periods, with narrower scope, fail to satisfy the specificity requirement.  *See, e.g.*, *Avenatti*, 2020 WL 508682, at \*5 (request for 9 months' worth of communications between two government witnesses that mention defendant was "not sufficiently specific" because proponent "offered only speculation" as to content of communications).  In short, the Subpoena should be quashed because it has all the "earmarks of a 'fishing expedition' premised on a 'mere[ ] hop[e] that something useful will turn up.'" *Avenatti*, 2020 WL 508682, at \*5 (quoting *Louis*, 2005 WL 180885, at \*5)

To the extent that the Subpoena requires compliance only "[i]f, as, and when the defendant elects to testify," it burdens Mr. Marcus's right to testify on his behalf.  While Mr. Marcus does not at this time intend to testify, the final decision is exclusively his to make right before the close of evidence. Because Mr. Marcus does not have the resources to comply with the Subpoena at this late date, the Subpoena unfairly burdens his decision whether or not to testify.  *Cf. Rock v. Arkansas*, 483 U.S. 44, 55–56, 107 S. Ct. 2704, 2711, 97 L. Ed. 2d 37 (1987) ("restrictions of a defendant's right to testify may not be arbitrary or disproportionate").

The government had more than three years to serve subpoenas. It chose to wait until the eve of trial. It should not be rewarded for its gamesmanship.

ELLIOTT LEVINE JAROSLAW NEILS LLP

For all the foregoing reasons, we respectfully request that the Court grant this motion to quash.


Respectfully submitted,


Ilene Jaroslaw
Rachel Rodriguez
Sara Probber
ELLIOTT LEVINE JAROSLAW NEILS LLP
60 East 42nd Street, Suite 1570
New York, NY 10165
(212) 321-0510
ijaroslaw@eljnlaw.com
*Counsel for Defendant Gregg Marcus*


cc:  All counsel, via ECF