



**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 7, 2026

**VIA ECF**

The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

> Re:     **United States v. Joseph Malvasio et al., 23 Cr. 396 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter in opposition to defendant Gregg Marcus's motion to quash a June 5, 2026 "if, as, and when" trial subpoena served upon the defendant. (Dkt. No. 230.[1]) For the following reasons, the defendant's motion should be denied.

Federal Rule of Criminal Procedure 17(c) grants to criminal defendants and the Government the right to subpoena documents and objects—that is, evidentiary materials—for use at trial. *See* Fed. R. Crim. P. 17(c). Rule 17(c) authorizes a subpoena for the production of materials whose evidentiary use is limited to impeachment. *See, e.g.*, *United States v. LaRouche Campaign*, 841 F.2d 1176, 1180 (1st Cir. 1988); *United States v. Silverman*, 745 F.2d 1386, 1396-97 (11th Cir. 1984); *United States v. Cuthbertson*, 630 F.2d 139, 144-45 (3d Cir. 1980). The Rule further provides that, "[o]n motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). It is well-settled that "the decision to quash or modify a subpoena *duces tecum* must be left to the trial judge's sound discretion." *In re Irving*, 600 F.2d 1027, 1034 (2d Cir. 1979) (citations omitted); *see also United States v. Nixon*, 418 U.S. 683, 702 (1974).

As a preliminary matter, when the Government served its subpoena, the Government asked the defendant to inform the Government whether any of its requests would be too difficult to complete by the time of the defendant's possible testimony so that the parties could discuss whether narrowing certain requests would be appropriate. Instead, the defendant filed the instant motion. Although the Government believes that its subpoena, which is a standard "if, as, and when" subpoena to a trial defendant, is proper in its entirety, the Government is willing to limit the scope of its subpoena by withdrawing its demand for the documents described in paragraph 9. The Government also did not intend to require the defendant to re-produce documents that are already in the Government's possession, such as documents that were seized pursuant to a search warrant on the defendant's devices or accounts. The Government thus further limits its demand

---

[1] A copy of the Subpoena is at Dkt. 230-1.

for the documents described in paragraphs 1 through 8 to only those documents that are currently in the defendant's possession and not already in the Government's possession.

The Government's modified subpoena is well within the scope of Rule 17(c) and should not be quashed. *United States v. Ovu*, No. 91 Cr. 922 (LMM), 1992 WL 309804, at *1 (S.D.N.Y. Oct. 9, 1992) (Rule 17(c) "does not appear to bar the use of a Rule 17 subpoena to obtain impeachment material at the time sought by the government, as opposed to prior to trial"). Subpoenas served on a defendant seeking the production of documents "if, as, and when you elect to testify" are common in this District.[2]  The defendant's principal objections appears to relate to the timing and scope of the Government's demands, including that several span a number of years. The defendant's objections are without merit.

*First*, the timing requested in the subpoena, especially as modified, is wholly proper. In *United States v. Brennerman*, Judge Sullivan quashed an "if, as, and when" subpoena that was served the night before an incarcerated defendant's possible testimony. He explained "[i]f [the subpoena] had been served at the beginning of trial or had been served within a reasonable period of time that would have allowed [the defendant] to, either through counsel or through others, collect documents or to respond with documents, that would be one thing. But there is virtually no way he could be complying with anything at this point." 17-cr-337 (RJS), Dkt. 100 (Tr. at 5:8-13); *see also* Ex. A, *United States v. Cohen*, 23 Cr. 134 (VSB), Tr. at 3863-3865 (holding that a motion to quash an "if, as, when" subpoena served four weeks into trial was moot in light of the defendant's decision not to testify but noting that he would deny it if the defendant changed his mind). Here, the Government served its subpoena on June 5, 2026, and the Government anticipates that, given the anticipated length of its case, the earliest that the defendant could possibly testify would be the week of June 15, 2026. Because the modified subpoena seeks only those materials

---

[2] *See, e.g., United States v. Whitehead*, 22 Cr. 692 (LGS) (defendant served with an "if, as, and when" subpoena and cross-examined regarding the same); *United States v. Christopher Campos*, 16 Cr. 395 (VEC) (defendant served with an "if, as, and when" subpoena and provided production prior to testifying); *United States v. Bankman-Fried*, 22 Cr. 673 (LAK) (defendant served with an "if, as, and when" subpoena); *Russell v. United States*, No. 20 Cr. 538 (PGG), 2024 WL 3228321, at *7 (denying defendant's 2255 based on an ineffective assistance of counsel claim where, among other things, defense counsel explained to the defendant when advising him of his right to testify that "there are risks in any criminal case when a defendant testifies and is subject to cross-examination.  In this case, I also noted to [the defendant] that the government had issued him an 'if, as, when' subpoena for documents and communications in the event he testified and explained that he would need to be prepared to respond to the subpoena if he testified"); *United States v. Conde*, 19 Cr. 808 (VEC) (defendant served with an "if, as, and when" subpoena, which requested the production of documents one day prior to taking the witness stand); *United States v. Gupta*, 11 Cr. 907 (JSR), (Dkt. 89) (requiring the defendant to comply with seven of the requests listed in the defendant's "if, as, and when" subpoena); *United States v. Joy Harris,* 24 Cr. 207 (LAK) (defendant served with an "if, as, and when" subpoena); *United States v. Hector Colon*, 24 Cr. 367 (LJL) (same); *United States v. Corey Gilmore,* 24 Cr. 127 (LJL) (same); and *United States v. Andrew Dowd, et al.*, 21 Cr. 530 (SHS) (same); *United States v. Sean Combs*, 24 Cr. 542 (AS) (same).

not already in the Government's possession, the defendant has more than ample time to gather the materials and produce them to the Government.

*Second*, the scope of the Government's demands is proper. The Government seeks only those documents and communications, such as conversations with co-conspirators, that are squarely relevant to the defendants' conduct. For example, the Government seeks documents relating to loans that the defendant or any of his companies funded from the year that the precursor entity to Global Capital Partners Fund was founded. Those documents would go directly to the defendant's misstatements at the core of the Government's case. *See United States v. Nguyen*, 507 F. App'x 64 (2d Cir. 2013) ("Given that Fleishman would have offered testimony that would constitute a denial both of there being any conspiratorial agreements and of his having any intent to violate the law, we cannot conclude that Fleishman's constitutional rights were violated by requiring him to turn over what context suggests are business records for the years of his employment.") (internal citations omitted). If the defendant elects to testify, the Government should be permitted to use such documents to examine the defendant.

Finally, the defendant's assertion that the Government's subpoena somehow infringes upon his constitutional right to testify is meritless. The Second Circuit has rejected this argument in a summary order. *See, e.g.*, *Id.* at 66 (rejecting argument that "the district court impermissibly chilled [defendant's] right to testify in violation of the Sixth Amendment by ordering him to produce '[a]ny and all appointment books, calendars, and diaries from 2006 through 2010' in violation of the Fifth Amendment" because "'[w]hen a defendant takes the stand in his defense, he surrenders his Fifth Amendment privilege for proper cross-examination'") (quoting *United States v. Spinelli*, 551 F.3d 159, 167 (2d Cir. 2008)).

For the foregoing reasons, the Court should deny the defendant's motion to quash the June 5, 2026 subpoena.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: */s/ Patrick J. Gallagher*
   Patrick J. Gallagher
   Georgia Kostopoulos
   Adabelle Ekechukwu
   Daniel Nessim
   Assistant United States Attorneys

cc: Counsel of Record (by ECF)