

TALKIN MUCCIGROSSO & ROBERTS LLP

June 17, 2026

**BY ECF**

Honorable Jesse M. Furman
United States District Judge
United States Courthouse
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Unites States v. Malvasio, et al.
23 Cr. 396 (JMF)

Dear Judge Furman:

The undersigned represents Joseph Malvasio in the above captioned matter. We write in opposition to the government's letter motion filed this morning, Dkt. 246 ("Mot."), to preclude defendants from introducing mortgage notes documenting loans closed by Mr. Malvasio through various entities he controls in the years preceding this matter. The loan documents demonstrate that Mr. Malvasio has an extensive history of closing loans and thus directly refute various arguments made by the government that he deceived borrowers by holding himself out as a lender when he could not and would not fund loans. The evidence is therefore relevant and should be admitted.

In its opening statement, the government alleged as the central deception in this case that "the defendants made [the victims] believe that they were legitimate lenders who wanted to give them a loan and were able to give them a loan." Tr. 35. The government has since made repeated arguments further asserting that Mr. Malvasio was not a legitimate lender and that he neither made loans in any significant quantity and (without any evidence) that he could not finance loan applications presented in this matter. The exhibits in the 2400 series demonstrate that Mr. Malvasio has made dozens of loans and lent tens of millions of dollars in the last two decades, including in the years preceding and during the alleged fraud and including loans that remained open during the charged conduct.

Initially, the government argues without explanation that the Challenged Exhibits should be precluded because they do not relate to Global Capital Partners Fund ("GCPF"), Commercial Private Equity ("CPE"), and Harbor Equity ("HE"). The government asserts that "[t]hese historic Malvasio-associated mortgages, issued by other companies are not probative" of the charged conduct. Mot. at 1. But, as the above allegation from the government's opening statement makes clear, the government has put at issue Mr. Malvasio's loan history. Indeed, almost every borrower witness has been asked hypothetical questions regarding the defendants' past deals. In particular, numerous witnesses have testified that it was important to them that defendants' website showed deals in varying amounts and geographic locations. Mr. Malvasio's history of closing loans is thus critical to rebutting these allegations.

The government's argument that only loans connected to GCPF, CPE, HE are relevant lacks evidentiary support. As the government concedes, five of the proposed defense exhibits—DX-2406, DX-2408, DX-2412, DX-2415, and DX-2445—relate to loans relating to GCPF. None of these loans were ultimately closed in the name of GCPF. Rather, each of these granted a mortgage to one of Mr. Malvasio's other companies. *See* DX-2406 (Hawksnest Properties Inc.), DX-2408 (Hawksnest Properties Inc.), DX-2412 (JAM Inc.), DX-2415(Hawksnest Properties Inc.), and DX-2445 (JAM Inc.). That these loans would be closed by entities solely controlled and owned by Mr. Malvasio is logical, as he was solely responsible for financing and managing the servicing of the loans.

The government further argues that "the age and tangential association of these records risks unfair prejudice and would only serve to confuse the jury." Mot. at 2. Mr. Malvasio has not and will not argue that any of the loans, apart from the five listed above that were closed by GCPF borrowers, relate to GCPF, CPE, or HE. Indeed, the government is expected to offer multiple charts into evidence today, without objection from Mr. Malvasio, depicting that these were the only five loans closed. *See* GX-2418. There is no reasonable prospect that the jury would think that any of these other loans was related to GCPF, CPE, or HE.

Finally, the government objects to a small number of specific mortgage exhibits, DX-2401, DX-2402, DX-2421, DX-2430, and DX-2447, in which Mr. Malvasio's company only held a partial interest in the mortgage. The government claims, without explanation, that this is confusing. It is not. There is nothing confusing about the fact that Mr. Malvasio owned half and quarter interests in certain mortgages and lent a corresponding share of the funds. Indeed, it is important for the jury to see that Mr. Malvasio had a history of syndicating loans and could fund loans in this manner and therefore that his access to funds for loans was not limited to his personal resources. The government notes that four exhibits, DX-2431, DX-2433, DX-2435, and DX-2437, are unsigned. It appears that the government has not received the most recent versions of these documents. The defense intends to offer only signed and publicly recorded mortgages and will ensure that the proper versions are provided to the government and the Court. [1]

For the above reasons, the prior mortgage exhibits are relevant and admissible to refute the government's allegation that Mr. Malvasio was not a legitimate lender with the means to close loans. The government's contentions are either not supported by the evidence or relate to the weight rather than the admissibility of the evidence. We therefore request that the government's motion be denied and the exhibits admitted. Thank you for Your Honor's consideration of this letter.

Respectfully submitted,

/s/ *Noam Greenspan*

Noam Greenspan

---

[1] The government further objects to an exhibit depicting a loan made by an entity controlled by Mr. Malvasio to an entity controlled by Mr. Marcus, DX-2414. We do not intend to offer this exhibits.