UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
                                  :

UNITED STATES OF AMERICA,                :

        -v-                    :

JOSEPH MALVASIO, a/k/a "Joe Cohen,"    :          23-CR-396 (JMF)
and GREGG MARCUS, a/k/a "Gregg Pierce,"  :

            Defendants.      :

-------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

    Attached to this Order are the following:

- Exhibit 1, which contains the preliminary jury instructions that were considered at the charging conference held on June 18, 2026;

- Exhibit 2, which contains the final jury instructions to be delivered today.

    SO ORDERED.

Dated: June 23, 2026
      New York, New York

                                     JESSE M. FURMAN
                               United States District Judge

**COURT EXHIBIT 1**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

                              :

UNITED STATES OF AMERICA,                  :

                              :

    -v-                                :

                              :

JOSEPH MALVASIO, a/k/a "Joe Cohen,"    :        23-CR-396 (JMF)
and GREGG MARCUS, a/k/a "Gregg Pierce,"  :

                              :

            Defendants.         :

                              :

-------------------------------------------------------------------X

# JURY CHARGE (<u>DRAFT</u>)

June ▮, 2026

# TABLE OF CONTENTS

I. GENERAL INTRODUCTORY CHARGES ................................................................... 1

    Role of the Court and the Jury ........................................................................ 2

    The Parties ...................................................................................................... 2

    Conduct of Counsel ........................................................................................ 2

    Presumption of Innocence and Burden of Proof ............................................ 3

    Proof Beyond a Reasonable Doubt ................................................................. 4

    Direct and Circumstantial Evidence .............................................................. 4

    What Is and What Is Not Evidence ................................................................ 6

    Stipulations ..................................................................................................... 7

    Charts and Summaries .................................................................................... 7

    Limited Purpose Evidence .............................................................................. 7

    Recordings and Transcripts ............................................................................ 8

    Redactions ...................................................................................................... 8

    Credibility of Witnesses ................................................................................. 8

    Non-Prosecution Agreements ......................................................................... 9

    Law Enforcement and Government Witnesses ............................................... 10

    Expert Witnesses ........................................................................................... 11

    Uncalled Witnesses ........................................................................................ 11

    Number of Witnesses and Uncontradicted Testimony .................................... 12

    Particular Investigative Techniques ................................................................ 12

    All Available Evidence Need Not Be Introduced ........................................... 12

    Preparation of Witnesses ................................................................................ 13

    Persons Not on Trial ....................................................................................... 13

    A Defendant's Right Not to Testify ............................................................... 14

II. SUBSTANTIVE CHARGES ................................................................................. 14

    The Indictment ............................................................................................... 14

    Conspiracy Charges and Substantive Charges ............................................... 15

Counts Two and Three — Wire Fraud: Elements ....................................................... 17

    Count Two and Three — First Element: Existence of Scheme or Artifice ......................... 18

    Counts Two and Three — Second Element: Knowledge and Intent to Defraud.................. 22

    Counts Two and Three — Third Element: Use of Interstate Wires...................................... 25

Count One — The Conspiracy Charge: Elements..................................................... 27

    Count One — First Element: Existence of the Conspiracy ................................................. 28

    Count One — Second Element: Membership in the Conspiracy........................................ 30

    Count One — Third Element: Overt Act.............................................................................. 32

    Multiple Conspiracies ......................................................................................................... 34

Venue................................................................................................................................ 35

Variance of Dates and Amounts....................................................................................... 36

Defense Theory of the Case ............................................................................................. 36

III. CONCLUDING INSTRUCTIONS ............................................................................ 36

Selection of the Foreperson............................................................................................. 36

Right to See Exhibits and Hear Testimony ...................................................................... 37

Juror Note-Taking ............................................................................................................ 37

Bias, Prejudice, and Sympathy........................................................................................ 38

Duty to Deliberate ........................................................................................................... 39

Return of the Verdict ....................................................................................................... 40

Closing Comments ........................................................................................................... 41

## I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments.  It is my duty at this point to instruct you as to the law.  I am going to read my instructions to you.  It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points.  Please limit yourself to following along; that is, do *not* read ahead in the instructions.  If you find it easier to listen and understand while you are following along with me, please do so.  If you would prefer, you can just listen and not follow along.  In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow.  But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying.  You should not single out any instruction as alone stating the law.  Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

*First*, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

*Second*, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

*Finally*, I will give you some instructions for your deliberations.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If anyone has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendants, Joseph Malvasio and Gregg Marcus, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, national origin, religious beliefs, sex, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence. Nor should you draw any inference related to the weight or importance of any testimony or evidence from the fact that I sustained or overruled an objection. Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Presumption of Innocence and Burden of Proof

The defendants have pleaded not guilty to the charges against them. As a result of that plea of not guilty, the burden is on the Government to prove each defendant's guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

Furthermore, the law presumes the defendants to be innocent of the charges against them. The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor as to each charged crime during the course of your deliberations in the jury room, unless and until you determine that the Government proves beyond a reasonable doubt that the defendant you are considering committed that crime.

3

Proof Beyond a Reasonable Doubt

The question that naturally arises is, "What is a reasonable doubt?"  A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense.  It is a doubt that a reasonable person has after carefully weighing all the evidence.  It is a doubt founded in reason and arising out of the evidence in the case — or the lack of evidence.  A reasonable doubt is not caprice, whim, or speculation.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt.  It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty.  The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant you are considering, that you do not have an abiding belief of that defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of a defendant's guilt, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendants are guilty or not guilty of the crimes with which they are charged.

4

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse.  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence.  Often such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence.  The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

## What Is and What Is Not Evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties. Anything else is not evidence.

For example, the questions posed to a witness are not evidence; it is the witnesses' answers that are evidence, not the questions. In addition, materials brought forth only to refresh a witness's recollection are not evidence. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Arguments by the advocates are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Further, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. The rulings I have made during the trial and these instructions are no indication of my views of what your decision should be. Nor should you infer

6

that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained. Whether you approve or disapprove of how any evidence was obtained should not enter into your deliberations.

Stipulations

Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

Charts and Summaries

The Government presented exhibits in the form of charts and summaries.  As I mentioned to you earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider the charts and summaries as you would any other evidence.

Limited Purpose Evidence

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

Recordings and Transcripts

Recordings have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated; that the Government's use of this evidence is lawful; and that it was properly admitted into evidence at this trial.

I remind you that the transcripts were given to you only as aids or guides to assist you in listening to the recordings; they are not in and of themselves evidence.  You alone should make your own interpretation of what appears on the recordings based on what you heard.  If you think you heard something different than what appeared on the transcript, then what you heard is controlling..

Redactions

As I explained during trial, some of the exhibits admitted into evidence contain redactions of certain information.  "Redacted" means that part of the document was taken or blacked out.  There is nothing unusual or improper about such redactions.  You are to concern yourself only with the part of the document that has been admitted into evidence.  You should not consider any possible reason why the other part of it was not admitted into evidence.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the same tests here that you use in your everyday life when evaluating statements made by others to you. You may ask yourselves: Did the witness impress you as open, honest, and candid?  How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully. On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may reject it because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Non-Prosecution Agreements

One witness, Jason Hescock, testified in exchange for a promise by the Government not to charge him with certain crimes. This type of agreement is known as a "non-prosecution agreement." I

9

instruct you that there is nothing improper in the Government's use of such agreements.  They are a common and important law-enforcement tool.  However, in evaluating the testimony of a witness with a non-prosecution agreement, you should examine it with greater scrutiny than you would the testimony of an ordinary witness.  You should consider what benefits or promises he received from the Government that would motivate him to testify falsely.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  If you find that a witness has been untruthful in some respect, you may, but are not required to, reject the witness's testimony in its entirety.  Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts.  How much of a witness's testimony to accept, if any, is a determination entirely for you, the jury.

**Adapted from _United States v. Castillero_, 23-CR-622 (JMF) (S.D.N.Y. 2025).**

Law Enforcement and Government Witnesses

You have heard testimony from law enforcement or other government witnesses, including representatives of the Federal Bureau of Investigation and the United States Attorney's Office.  The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness or government witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Expert Witnesses

You have heard testimony of expert witnesses. As I previously explained, an expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to express his opinions on matters about which he has specialized knowledge and training. A party may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses. In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony. However, you should not accept witness testimony simply because the witness is an expert. The determination of the facts in this case rests solely with you.

Uncalled Witnesses

There are people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

11

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof remains at all times with the Government.

Number of Witnesses and Uncontradicted Testimony

I remind you that the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.  On the other hand, the Government is not required to prove each element of the offense by any particular number of witnesses.  The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that the witness has truthfully and accurately related what he or she has told you.  The testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which case you must return a not guilty verdict.

Particular Investigative Techniques

There is no legal requirement that the Government prove its case through any particular means. While you are to carefully consider the evidence and/or lack of evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

All Available Evidence Need Not Be Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

things available to either party during the course of the trial.  Your concern is to determine whether or not, on the evidence or lack of evidence, the Government has met its burden of proving each element of each charge beyond a reasonable doubt with respect to each defendant.

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with lawyers before they appeared in court.  Although you may consider these facts when you are evaluating a witness's credibility, there is nothing either unusual or inherently improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultation.

As always, the weight you give to the fact or the nature of these issues and what inferences you draw from them are matters completely within your discretion.

Persons Not on Trial

During the course of the trial, you have heard the names of other individuals mentioned in connection with this case.  Some of these other individuals have been mentioned in connection with what the Government alleges was illegal activity.  You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person is not on trial here.

13

Nor may you speculate as to what became of them and why.  These matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

A Defendant's Right Not to Testify

The defendants did not testify in this trial.  Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove a defendant guilty beyond a reasonable doubt.  That burden remains on the Government throughout the entire trial and never shifts to the defendants.  The defendants is never required to prove that they are innocent.

You may not attach any significance to the fact that the defendants did not testify.  No adverse inference against the defendants may be drawn by you because the defendants did not take the witness stand.  You may not consider this in any way in your deliberations in the jury room.

## II. SUBSTANTIVE CHARGES

That concludes my introductory instructions.  Let me now turn to the charges.

The Indictment

The defendants are formally charged in an Indictment.  As I instructed you at the outset of this trial, the Indictment is not evidence.  It is simply an accusation, a statement of the charges made against the defendants.  It gives the defendants notice of the charges against them, and it informs the court and the public of the nature of the accusations.  But it is not evidence, and it does not prove or even indicate guilt.  It does not create any presumption or permit any inference that the defendants are guilty.  As a result, you are to give it no weight in deciding the defendants' guilt or lack of guilt.  What matters is the evidence you heard at this trial.  Indeed, as I have previously noted, the defendants are presumed

innocent, and each has entered a plea of not guilty.  It is the prosecution's burden to prove each defendant's guilt beyond a reasonable doubt.

The Indictment before you contains three counts, or charges.  Each count of the Indictment relates to a different alleged crime.  In your deliberations and in reaching your verdict, you must bear in mind that guilt is individual.  You must therefore consider each count and each defendant separately, must weigh the evidence as to each defendant separately for each count in which that defendant is charged, and return a verdict of guilty or not guilty for each defendant on each count in which that defendant is charged.  Your verdict as to each defendant must be determined separately with respect to that defendant, solely on the evidence, or lack of evidence, presented against that defendant, without regard to the guilt or innocence of anyone else.

So what are the charges in the Indictment?

Count One charges both defendants, Joseph Malvasio and Gregg Marcus, with conspiring to commit wire fraud.

Count Two charges both defendants with committing wire fraud in connection with their participation in a business called Global Capital Partners Fund.

Count Three charges Mr. Malvasio with committing wire fraud in connection with his involvement in businesses called Harbor Equity and Commercial Private Equity.

Conspiracy Charges and Substantive Charges

Counts One is a conspiracy charge.  The other counts — Counts Two and Three — are called "substantive" charges.  I will instruct you as to each count separately in just a moment, but let me briefly explain the difference between a conspiracy charge and a substantive charge.

15

A conspiracy count is different from a substantive count.  Generally speaking, a conspiracy charge alleges that two or more persons agreed together to accomplish an unlawful objective.  The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement.  There can be no conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission of an offense.  A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object or goal of the conspiracy.  And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, was ever committed.  In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose was not accomplished.  Consequently, a conspiracy charge does not require proof that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed, but it does not require proof of an agreement.  If a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.

With that, I will turn to the elements of each count.  I am going to begin, however, with the substantive counts because explaining them first will simplify my instructions with respect to Count One, which is the conspiracy count.  So I will begin with Counts Two and Three.

16

**Adapted from *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); United *States v. Balouchzehi*, 21-CR-658 (JMF) (S.D.N.Y. 2023); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022).**

Counts Two and Three — Wire Fraud: Elements

Counts Two and Three charge the defendants with wire fraud.

Specifically, Count Two charges that from at least in or about 2017 through in or about August 2023, both defendants — Mr. Malvasio and Mr. Marcus — made false and misleading statements to loan applicants in connection with a business named Global Capital Partners Fund for the purpose of obtaining millions of dollars in advance fees.

And Count Three charges that from at least in or about 2019 through in or about August 2023, Mr. Malvasio made false and misleading statements to loan applicants in connection with businesses named Harbor Equity and Commercial Private Equity for the purpose of obtaining millions of dollars in advance fees.  Note that Mr. Marcus is not charged in Count Three.

For a defendant to be found guilty of substantive wire fraud, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant you are considering knowingly, willfully, and with the intent to defraud, devised or participated in the scheme or artifice.

*Third*, that an interstate or international wire communication was used in furtherance of the scheme or artifice.

I will discuss each element in turn.

17

**Adapted from the parties' Requests to Charge; *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Avenatti*, 19-CR-374 (JMF) (S.D.N.Y. 2022); *United States v. Lavidas*, 19-CR-716 (DLC) (S.D.N.Y. 2020); *United States v. Hoey*, 15-CR-229 (PAE) (S.D.N.Y. 2016); *United States v. Balkany*, 10-CR-441 (DLC) (S.D.N.Y. 2010); Sand, *Model Federal Jury Instructions-Criminal*, Instrs. 44-3; *see United States v. Calderon*, 944 F.3d 72, 85 (2d Cir. 2019); *United States v. Weaver*, 860 F.3d 90, 94 (2d. Cir. 2017).**

Count Two and Three — First Element: Existence of Scheme or Artifice

The first element that the Government must prove beyond a reasonable doubt with respect to Counts Two and Three is that there was a scheme or artifice to defraud or to obtain money or property by means of false or fraudulent pretenses, representations, or promises. Let me explain some of the terms and concepts relevant to this first element.

**Device, Scheme, or Artifice to Defraud**

A "scheme" or "artifice" is merely a plan to accomplish an object. A "device, scheme, or artifice to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. "Fraud" is a general term that includes all the various means by which human ingenuity can devise and that are resorted to by an individual to gain some unfair advantage over another person by false representations, false suggestions, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

It is unimportant whether a victim might have discovered the fraud had he or she probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim

18

was careless or negligent or should have acted differently.  Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

**Adapted from the parties' Requests to Charge;** ***United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025);** ***United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022);** ***United States v. Conde*, 19-CR-808 (VEC) (S.D.N.Y. 2021); Sand,** ***Modern Federal Jury Instructions - Criminal*, Instr. 44-4 ("A 'scheme or artifice' is merely a plan for the accomplishment of an object.");** ***id.*** **("Fraud is a general term that embraces all the various means that human ingenuity can devise and that are resorted to by an individual to gain an advantage over another by false representations, suggestions, or suppression of the truth, or deliberate disregard for the truth.").**

### False or Misleading Statement

The scheme to defraud charged here is alleged to have been carried out by making false pretenses, representations, promises, and statements.  A statement, representation, claim, or document is false or misleading if it is untrue when made and was then known to be untrue by the person making it or causing it to be made.  A representation or statement is fraudulent if it was made with the intent to deceive.

A statement may be false or misleading if it directly contradicts what the speaker knew at the time, created an impression of a state of affairs that differed in a material way from the one that actually existed, or stated that there was a risk that had not yet been realized when, in fact, that risk had already materialized or come to fruition.  A statement may also be false or fraudulent if it contains half-truths, omits or conceals material facts, or is ambiguous or incomplete in a manner that makes what is said or represented deliberately misleading or deceptive.  This includes statements that may be literally true but that nevertheless create a materially misleading impression.

19

Failure to comply with a contractual obligation is fraudulent only when the promisor never intended to honor the contract. In particular, the certification of entitlement to payment under a contract is fraudulent if a defendant knowingly failed to disclose a contractual breach, or non-compliance with contractual terms, with the intent to defraud.

The deception need not be premised upon spoken or written words alone. The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation. If there is deception, the manner in which it is accomplished does not matter.

**Adapted from the Government's Request to Charge; Sand, *Modern Federal Jury Instructions - Criminal*, Instr. 44-4; *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Celvin*, 21-CR-88 (JSR) (S.D.N.Y. 2022); United States v. Vidal, 21-CR-726 (DLC) (S.D.N.Y. 2022); *see United States ex rel. O'Donnell v. Countrywide Home Loans, Inc.*, 822 F.3d 650, 660 (2d Cir. 2016) ("Failure to comply with a contractual obligation is only fraudulent when the promisor never intended to honor the contract.").**

**Materiality**

The false or fraudulent pretense, representation, promise or statement must relate to a "material" fact or matter. A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation, promise or statement in making a decision. This means if you find a particular statement of fact or representation to have been false, you must also determine whether that statement or representation was one that a reasonable person would have considered important in making his or her decision. The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially

misleading.  The Government does not need to prove that anyone actually relied on the false statement or representation.  Instead, it is sufficient if the misrepresentation is one that is capable of influencing a reasonable person's decision and is intended to do so.

Language in a contract may be relevant in considering whether a false or fraudulent statement or representation outside the contract was material and whether a defendant acted with fraudulent intent. You should consider all the information available to a reasonable investor to determine whether cautionary language in a document would have prevented an reasonable person from being misled.  But language in a contract — including, for example, a disclaimer on reliance on prior statements — does not render a false or fraudulent statement or representation made outside the contract immaterial as a matter of law.

**Adapted from the Government's Request to Charge; _United States v. Castillero_, 23-CR-622 (JMF) (S.D.N.Y. 2025); _United States v. Raji_, 19-CR-870 (JMF) (S.D.N.Y. 2022); _United States v. Weaver_, 860 F.3d 90, 95 (2d Cir. 2017) ("[C]ontractual disclaimers of reliance on prior misrepresentations do not render those misrepresentations immaterial under the criminal mail and wire fraud statutes.").**

In addition to proving that a pretense, representation, promise, or statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated wrongly depriving another of money or property.  Money or property may be obtained even when something else is simultaneously given in return.

The Government is not required to prove that the defendant personally originated the scheme to defraud.  Nor is the Government required to prove that the scheme or artifice to defraud actually succeeded — that is, the Government is not required to prove that the intended victim suffered any loss

21

or harm.  Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether the scheme existed.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the Government has failed to establish that a scheme to defraud, as charged, did exist, you should find the defendant not guilty of wire fraud.   On the other hand, if you find the Government has established beyond a reasonable doubt the existence of a scheme or artifice to defraud, then you must consider the second element.

**Adapted from the Government's Request to Charge; Sand, *Modern Federal Jury Instructions - Criminal*, Instr. 44-4.; *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Celvin*, 21-CR-88 (JSR) (S.D.N.Y. 2022); *United States v. Vidal*, 21-CR-726 (DLC) (S.D.N.Y. 2022); s*ee also United States v. Weaver*, 860 F.3d 90, 94 (2d Cir. 2017) (describing the essential elements of wire fraud).**

Counts Two and Three — Second Element: Knowledge and Intent to Defraud

The second element that the Government must establish beyond a reasonable doubt with respect to Counts Two and Three is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with specific intent to defraud.  Let me explain some of the terms and concepts relevant to this second element.

To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it, with the intent to making it succeed.

It is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that there was a scheme to defraud, even if somebody else originated it, and that the defendant, while aware of the existence of the scheme, knowingly participated in it.

It is also not required that the defendant have participated in or have had knowledge of all the operations of the scheme.  The guilt of a defendant is not governed by the extent of his participation.

It is also not necessary that the defendant have participated in the scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not necessarily all its details, and intentionally acts in a way to further the unlawful goals, becomes a participant in the scheme.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act voluntarily and with a wrongful purpose.

To act with the "intent to defraud" means means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.  Thus, a defendant acted with intent to defraud in the context of wire fraud if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.  That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property.  But, the Government does not need to prove that the intended victim was actually harmed; only that the defendant intended to harm the victim by obtaining money or property.  The Government is also not required to prove that the defendant realized any gain from the scheme, although you may consider any gain the defendant realized in determining whether the defendant participated in the scheme.

Direct proof of knowledge and fraudulent intent is almost never available, nor is it required.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to the victims with knowledge that the statements were false.  Circumstantial evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.  False representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representation made by a defendant, however inaccurate the representation may turn out to be, negates a charge of fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.  However, if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the other hand, if you find that the Government has established beyond a reasonable doubt the first element,

namely the existence of the scheme to defraud, and this second element, that the defendant was a knowing participant and acted with specific intent to defraud, then you must consider the third element.

**Adapted from the parties' Requests to Charge; Sand,** ***Modern Federal Jury Instructions - Criminal*, Instr. 44-5;** ***United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025);** ***United States v. Avenatti*, 19-CR-347 (JMF) (S.D.N.Y. 2022);** ***United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022);** ***United States v. Vidal*, 21-CR-726 (DLC) (S.D.N.Y. 2022);** ***United States v. Celvin*, 21-CR-88 (JSR) (S.D.N.Y. 2022);** ***United States v. Males*, 459 F.3d 154, 159 (2d Cir. 2006) (holding that jury instruction for wire fraud charge that "the requirement of contemplated harm or injury does not require that [defendant] intended to permanently de[p]rive the victim's money or property" "was an accurate statement of the applicable law");** ***United States v. Lavidas*, 19-CR-716 (DLC) (S.D.N.Y. 2020);** ***United States v. Hoey*, 15-CR-229 (PAE) (S.D.N.Y. 2016);** ***United States v. Balkany*, 10-CR-441 (DLC) (S.D.N.Y. 2010);** ***United States v. Males*, 459 F.3d 154, 159 (2d Cir. 2006);** ***United States v. Rossomando*, 144 F.3d 197, 203 (2d Cir. 1998);** ***United States v. Middendorf*, 18 Cr. 36 (JPO), 2019 WL 4254025, at &7 (S.D.N.Y. Sept. 9, 2019);** ***United States v. Guadagna*, 183 F.3d 122, 129 (2d Cir. 1999) ("Intent may be proven through circumstantial evidence, including by showing that defendant made misrepresentations to the victim(s) with knowledge that the statements were false.").**

<u>Counts Two and Three — Third Element: Use of Interstate Wires</u>

The third and final element that the Government must establish beyond a reasonable doubt with respect to Counts Two and Three is that an interstate wire (for example, a telephone call, email communication, text message, or bank wire transfer) was used in furtherance of the scheme to defraud.

The "interstate" requirement means that the wire communication must pass between two or more states. This could include, for example, a telephone call between two different states, an email between two different states, or a wire transfer between banks located in two different states.

To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused, directly or indirectly, by the defendant. It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant participated. In this regard, it would be sufficient to establish this element of the crime if the Government proved that the defendant caused the wires to be used by others. This does not mean that the defendant himself must have specifically authorized or directed others to execute a wire communication. When a person acts with knowledge that the use of wire facilities will follow in the ordinary course of business, or where the use of wire facilities can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Furthermore, the requirement that an interstate wire facility was used is satisfied even if a wire facility was used by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud, so long as the wire was in furtherance of the alleged scheme.

The use of a wire facility need not itself be fraudulent. Stated another way, the material sent by wire need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire facility was used to further or assist in carrying out the scheme to defraud.

Only the use of a wire facility must be reasonably foreseeable, not its interstate component. Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate wire facility was actually used, then this element is satisfied even if it was not foreseeable that the wire communication would cross state boundaries.

26

**Adapted from *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); United *States v. Avenatti*, 19-cr-374 (JMF) (S.D.N.Y. 2022); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022);  *United States v. Lavidas*, 19-CR-716 (DLC) (S.D.N.Y. 2020); *United States v. Balkany*, 10-CR-441 (DLC) (S.D.N.Y. 2010); *see United States v. Halloran*, 821 F.3d 321, 342 (2d Cir. 2016).**

Count One — The Conspiracy Charge: Elements

That completes my instructions as to Counts Two and Three, the substantive counts.  Let me turn, then, to Count One, which is the conspiracy charge.

Count One charges that from at least in or about March 2017 through in or about August 2023, both defendants — Mr. Malvasio and Mr. Marcus — conspired to commit wire fraud.

For a defendant to be found guilty of Count One, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count One existed.

*Second*, that the defendant you are considering knowingly and intentionally became a member of the conspiracy, with intent to commit at least one of the goals or objects of the conspiracy.

*Third*, that any one of the members of the conspiracy knowingly committed at least one overt act in furtherance of the conspiracy.

I will now explain each element in more detail.

**Adapted from *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. United States v. Giannelli*, 20-CR-160 (MKV) (S.D.N.Y. 2022); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); Sand, *Modern Federal Jury Instructions - Criminal*, Instr. 19-3S; *United States v. Goel*, 22-CR-396 (PKC) (S.D.N.Y. 2023); *United States v. Rodin*, 03-CR-1499 (JSR) (S.D.N.Y. 2005).**

27

Count One — First Element: Existence of the Conspiracy

The first element the Government must prove beyond a reasonable doubt with respect to Count One is the existence of the conspiracy charged in that count.

So, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose. If you find beyond a reasonable doubt that two or more persons came to an understanding, explicitly or implicitly (that is, spoken or unspoken), to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

To satisfy its burden of proof on this element, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy and spelling out who would do what in order to carry out the unlawful project. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to unexpressed understanding. In determining whether a conspiracy existed, you may consider direct as well as circumstantial evidence.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

28

The objects — or objectives — of a conspiracy are the illegal goals the co-conspirators agree upon or hope to achieve. The sole object of the conspiracy charged in Count One of the Indictment is wire fraud. In order to prove that a defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit wire fraud.

I have already explained the substantive crime of wire fraud to you, and you should apply those instructions here to determine whether the defendant you are considering conspired, or agreed, to commit that crime.

**Adapted from _United States v. Castillero_, 23-CR-622 (JMF) (S.D.N.Y. 2025); _United States v. Raji_, 19-CR-870 (JMF) (S.D.N.Y. 2022); _United States v. Goel_, 22-CR-396 (PKC); Sand, _Modern Federal Jury Instructions - Criminal_, Instr. 19-4; _United States v. Dambelly_, 16 Cr. 002 (JMF) (S.D.N.Y. 2016); _United States v. Lavidas_, 19 Cr. 716 (DLC) (S.D.N.Y. 2020); _United States v. Campos_, 16 Cr. 395 (VEC) (S.D.N.Y. 2017); _see also United States v. Rea_, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice. The coconspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross-purposes."); _United States v. Montour_, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the government can demonstrate that the defendant acted together with others to realize a common goal.").**

Count One — Second Element: Membership in the Conspiracy

The second element the Government must prove beyond a reasonable doubt with respect to Count One is that the defendant you are considering knowingly and willfully became a member of the conspiracy — that is, that that defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent — that is, with an unlawful purpose — and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

I have already explained the meaning of the terms "willfully" and "knowingly," and you should apply those instructions here.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that a defendant knew every other member of the conspiracy.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may, but are not required to, take into account any acts or statements made by a defendant's co-conspirators (if any), which were made during, in the course of, and in furtherance of the conspiracy, even though such acts or statements were not made in the presence of that defendant or were made without his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

30

Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times. Some conspirators may play major roles, while others play minor roles. An equal role is not what the law requires. In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome, so long as he in fact joined in the conspiracy in the manner I have explained.

Keep in mind, however, that a person may know, assemble with, associate with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself. Mere similarity of conduct or the fact that a defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy or that defendant's membership in the conspiracy. I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member of the conspiracy. More is required under the law. What is necessary is that the defendant must have participated with knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt. He need not have joined the conspiracy at the outset, and may have joined it at any time in its progress.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members. So too, once a person is found to be a

31

member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from the conspiracy.

In sum, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

**Adapted from Parties' Requests to Charge; *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. Raji*, 19-CR-870 (JMF) (S.D.N.Y. 2022); *United States v. Goel*, 22-CR-396 (PKC); Sand, *Modern Federal Jury Instructions - Criminal*, Instrs. 19-6, 3A-1, 3A-3; *United States v. Dambelly*, 16-CR-002 (JMF) (S.D.N.Y. 2016); *see also United States v. Aleskerova*, 300 F.3d 286, 292-93 (2d Cir. 2002) (describing manner in which government may show participation in conspiracy with required state of mind); *United States v. Rea*, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence. A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).**

Count One — Third Element: Overt Act

The third element the Government must prove beyond a reasonable doubt with respect to Count One is that at least one overt act was committed in furtherance of the conspiracy by at least one of the co-conspirators — not necessarily either of the defendants.

That means there must have been something more than mere agreement; some overt step or action must have been taken by at least one of the conspirators in furtherance of the conspiracy. To put it another way, the agreement must have gone beyond merely talking.

You need not reach unanimous agreement on whether a particular overt act was committed in furtherance of the conspiracy. But to find this element, you must all agree that at least one overt act was committed. Moreover, you need not find that a defendant in this case committed the overt act himself. It is sufficient for the Government to show that any conspirator knowingly committed an overt act in furtherance of the conspiracy, since such an act becomes, in the eyes of the law, the act of all of the members of the conspiracy.

In addition, you should bear in mind that the overt act, standing alone, may be an innocent, lawful act. Frequently, however, an apparently innocent act sheds its harmless character if it is a step in carrying out, promoting, aiding, or assisting a conspiracy. You are therefore instructed that the overt act does not have to be an act that in and of itself is criminal or an objective of the conspiracy.

**Adapted from *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); *United States v. Giannelli*, 20-CR-160 (MKV) (S.D.N.Y 2022); Sand, *Modern Federal Jury Instructions - Criminal*, Instr. 19-7; *United States v. Goel*, 22-CR-396 (PKC); *United States v. Salmonese*, 352 F.3d 608, 619 (2d Cir. 2003) ("[T]he overt act element of a conspiracy charge may be satisfied by an overt act that is not specified in the indictment"); *United States v. Kozeny*, 667 F.3d 122, 131–32 (2d Cir. 2011) ("[T]he government may plead one set of overt acts in the indictment and prove a different set of overt acts at trial without prejudice to the defendant"); *United States v. Mackey*, 652 F. Supp. 3d 309, 325 (E.D.N.Y. 2023) ("In the Second Circuit, essential conduct, also known as conduct constituting the offense, has occurred any place where either the conspiratorial agreement was formed,, or any overt act was (1) committed for the purpose of accomplishing the objectives of the**

33

**conspiracy, so long as it was (2) reasonably foreseeable that the overt act would occur in that location." (cleaned up));** *United States v. Ramirez-Amaya*, **812 F.2d 813, 816 (2d Cir. 1987) ("As to a charge of conspiracy, venue may properly be laid in the district in which the conspiratorial agreement was formed or in any district in which an overt act in furtherance of the conspiracy was committed by any of the coconspirators.").**

Multiple Conspiracies

With respect to Count One, which charges both defendants with conspiracy to commit wire fraud, the defendants argue that there were actually separate and independent conspiracies with various groups of members and that these separate conspiracies are distinct from the charged conspiracy.

Whether there existed a single unlawful agreement, or multiple such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I just gave you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists. By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in Count One unless one of the conspiracies proved happens to be the single conspiracy described in that Count.

You may find that there was a single conspiracy despite the fact that there were changes in personnel, activities, or both, so long as you find beyond a reasonable doubt that some of the co-conspirators continued to act for the duration of the conspiracy for the purposes charged in Count One. The fact that the members of a conspiracy are not always identical does not necessarily imply that

34

separate conspiracies exist.  In addition, the existence of subgroups or subunits within a larger conspiracy does not necessarily mean that the larger conspiracy does not exist.

On the other hand, if you find that the conspiracy charged in Count One did not exist, you cannot find any defendant guilty of the single conspiracy charged in Count One.  This is so even if you find that some conspiracy other than the one charged in Count One existed, even though the purposes of both conspiracies may have been the same, and even though there may have been some overlap in membership.

Similarly, if you find that the defendant you are considering was a member of another conspiracy, and not the one charged in Count One, then you must acquit that defendant of the conspiracy charged in Count One.  A person can be part of more than one conspiracy at the same time, and his actions can further the interests of more than one conspiracy at the same time.

Therefore, what you must do is determine whether the conspiracy charged in Count One existed. If it did, you then must determine the nature of the conspiracy and who were its members.

**Adapted from the Defendants' Request to Charge; *United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025); Sand, *Modern Federal Jury Instructions - Criminal*, Instr. 19-5; *United States v. Blondet*, 16-CR-387 (JMF) (S.D.N.Y. 2022).**

Venue

In addition to all of the elements that I have described for you, in order to convict a defendant on any count of the Indictment, you must also decide whether any act in furtherance of the crime charged in that count occurred within the Southern District of New York.  I should note that on this issue — and this issue alone — the Government's burden is not proof beyond a reasonable doubt, but only proof by a preponderance of the evidence.  You heard evidence in this case about interstate and international wires

35

beginning in, ending in, or traveling through Manhattan.  I instruct you that Manhattan is part of the Southern District of New York; that wires beginning in, ending in, or traveling through the District suffices to establish venue; and that neither defendant contests venue in this case.

**Adapted from Government's Supplemental Request to Charge;** ***United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025);** ***United States v. Raji*, 16-CR-870 (JMF) (S.D.N.Y. 2022).**

Variance of Dates and Amounts

The Indictment refers to dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the evidence indicates that in fact it was a different date or month.  Nor does it matter if the Indictment alleges that a transaction involved a specific amount of money, but the evidence indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

**Adapted from** ***United States v. Castillero*, 23-CR-622 (JMF) (S.D.N.Y. 2025);** ***United States v. Blondet*, 16-CR-387 (JMF) (S.D.N.Y. 2022).**

Defense Theory of the Case

[TO BE DETERMINED]

**III. CONCLUDING INSTRUCTIONS**

Selection of the Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror

but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations.  In addition, you will also be provided with a list of all the exhibits that were received into evidence.

If you want any of the testimony submitted to you or read back to you, you may also request that.  Keep in mind that if you ask for testimony, however, the court reporters must search through their notes, the parties must agree on what portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no

37

greater weight than those of any other juror. Finally, your notes are not to substitute for your recollection of the evidence in the case. If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Bias, Prejudice, and Sympathy

All of us, no matter how hard we try, tend to look at others and weigh what they have to say through the lens of our own experience and background. We each have a tendency to stereotype others and make assumptions about them. Often, we see life and evaluate evidence through a clouded filter that tends to favor those like ourselves. You must do the best you can to put aside such stereotypes, for all litigants and witnesses are entitled to a level playing field.

In particular, it would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any witness or anyone else involved in this case.

Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy. You are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that you must ask yourselves for each count is: Has the Government proved each element of each count beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has sustained its burden of proving each defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence and subject to the law as I have instructed you.

38

It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt with respect to a particular count, then you must render a verdict of not guilty as to that defendant on that count.  On the other hand, if you should find that the Government has met its burden of proving the guilt of a defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty as to that defendant on that count.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon a defendant if he is convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved a defendant's guilt beyond a reasonable doubt.

Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not

39

hesitate because of stubbornness or pride to change your view. On the other hand, do not surrender your honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous. If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions. Do not write on your individual copies of the Verdict Form. My staff will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

You should draw no inference from the questions on the Verdict Form as to what your verdict should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and you should all sign the Verdict Form. The foreperson should then give a note — **not** the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict on the basis of the evidence or lack of evidence. If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict. You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer. It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar. I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you. Thank you.

41

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                              :
UNITED STATES OF AMERICA,                                     :
                                                              :
   -v-                                                        :                23-CR-622 (JMF)
                                                              :
JOSEPH MALVASIO, a/k/a "Joe Cohen,"                           :
and GREGG MARCUS, a/k/a "Gregg Pierce,"                       :                <u>VERDICT FORM</u>
                                                              :
                         Defendants.                          :
                                                              :
------------------------------------------------------------------------X

*All Answers Must Be Unanimous*


**<u>Count One</u>: Conspiracy to Commit Wire Fraud:**

   **Joseph Malvasio**

                    Guilty _____            Not Guilty _____

   **Gregg Marcus**

                    Guilty _____            Not Guilty _____


**<u>Count Two</u>: Wire Fraud**

   **Joseph Malvasio**

                    Guilty _____            Not Guilty _____

   **Gregg Marcus**

                    Guilty _____            Not Guilty _____


**<u>Count Three</u>: Wire Fraud**

   **Joseph Malvasio**

                    Guilty _____            Not Guilty _____

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____    _____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Date and Time:    _____

*Once you have signed the Verdict Form, please give a note — **NOT** the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.  The foreperson should retain the
official Verdict Form to be handed to the Judge in open court.*

**COURT EXHIBIT 2**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
                              :

UNITED STATES OF AMERICA,           :

       -v-                         :

JOSEPH MALVASIO, a/k/a "Joe Cohen,"   :       23-CR-396 (JMF)
and GREGG MARCUS, a/k/a "Gregg Pierce,"  :

             Defendants.     :

-------------------------------------------------------------------X

## JURY CHARGE

June 23, 2026

# TABLE OF CONTENTS

I. GENERAL INTRODUCTORY CHARGES ................................................................. 1

    Role of the Court and the Jury ............................................................................. 2

    The Parties .......................................................................................................... 2

    Conduct of Counsel ............................................................................................. 2

    Presumption of Innocence and Burden of Proof ................................................ 3

    Proof Beyond a Reasonable Doubt ..................................................................... 4

    Direct and Circumstantial Evidence ................................................................... 4

    What Is and What Is Not Evidence ..................................................................... 6

    Stipulations ......................................................................................................... 7

    Charts and Summaries ........................................................................................ 7

    Limited Purpose Evidence .................................................................................. 7

    Recordings and Transcripts ................................................................................ 8

    Redactions .......................................................................................................... 8

    Credibility of Witnesses ..................................................................................... 8

    Non-Prosecution Agreements ........................................................................... 10

    Law Enforcement and Government Witnesses .................................................. 10

    Expert Witnesses .............................................................................................. 11

    Uncalled Witnesses .......................................................................................... 11

    Number of Witnesses and Uncontradicted Testimony ...................................... 12

    Particular Investigative Techniques .................................................................. 12

    All Available Evidence Need Not Be Introduced ............................................. 12

    Preparation of Witnesses .................................................................................. 13

    Persons Not on Trial ......................................................................................... 13

    A Defendant's Right Not to Testify .................................................................. 14

II. SUBSTANTIVE CHARGES ................................................................................. 14

    The Indictment ................................................................................................. 14

    Conspiracy Charges and Substantive Charges .................................................. 15

Counts Two and Three — Wire Fraud: Elements ......................................................... 17

    Count Two and Three — First Element: Existence of Scheme or Artifice .......................... 17

    Counts Two and Three — Second Element: Knowledge and Intent to Defraud .................. 21

    Counts Two and Three — Third Element: Use of Interstate Wires .................................... 23

Count One — The Conspiracy Charge: Elements ..................................................... 25

    Count One — First Element: Existence of the Conspiracy ............................................. 25

    Count One — Second Element: Membership in the Conspiracy ...................................... 27

    Multiple Conspiracies ...................................................................................... 29

Conscious Avoidance ............................................................................................ 30

Venue ............................................................................................................. 31

Variance of Dates and Amounts ............................................................................. 32

III. CONCLUDING INSTRUCTIONS ........................................................................ 32

Selection of the Foreperson ................................................................................... 32

Right to See Exhibits and Hear Testimony ................................................................ 32

Juror Note-Taking ............................................................................................... 33

Bias, Prejudice, and Sympathy .............................................................................. 33

Duty to Deliberate .............................................................................................. 35

Return of the Verdict ........................................................................................... 35

Closing Comments .............................................................................................. 36

## I. GENERAL INTRODUCTORY CHARGES

Members of the jury, you have now heard all of the evidence and the lawyers' closing arguments. It is my duty at this point to instruct you as to the law. I am going to read my instructions to you. It is not my favorite way to communicate — and not the most scintillating thing to listen to — but there is a need for precision, and it is important that I get the words just right, and so that is why I will be reading.

I have given you a copy of my instructions to follow along because they cover many points. Please limit yourself to following along; that is, do *not* read ahead in the instructions. If you find it easier to listen and understand while you are following along with me, please do so. If you would prefer, you can just listen and not follow along. In the unlikely event that I deviate from the written instructions, it is my oral instructions that govern and that you must follow. But you may take your copy of the instructions with you into the jury room so you can consult it if you want to re-read any portion of the charge to facilitate your deliberations.

For now, listen carefully and try to concentrate on the substance of what I'm saying. You should not single out any instruction as alone stating the law. Instead, you should consider my instructions as a whole when you retire to deliberate in the jury room.

My instructions to you will be in three parts.

*First*, I will give you general instructions — for example, about your role as the jury, what you can and cannot consider in your deliberations, and the burden of proof.

*Second*, I will describe the law that you must apply to the facts as you find them to be established by the evidence.

*Finally*, I will give you some instructions for your deliberations.

Role of the Court and the Jury

You, the members of the jury, are the sole and exclusive judges of the facts. You must weigh and consider the evidence without regard to sympathy, prejudice, or passion for or against any party. It is your duty to accept my instructions as to the law and to apply them to the facts as you determine them. If anyone has stated a legal principle differently from any that I state to you in my instructions, it is my instructions that you must follow.

The Parties

In reaching your verdict, you must remember that all parties stand equal before a jury in the courts of the United States. The fact that the Government is a party and the prosecution is brought in the name of the United States does not entitle the Government or its witnesses to any greater consideration than that accorded to any other party. By the same token, you must give it no less deference. The Government and the defendants, Joseph Malvasio and Gregg Marcus, stand on equal footing before you.

It would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, national origin, religious beliefs, sex, or age. All persons are entitled to the same presumption of innocence and the Government has the same burden of proof with respect to all persons.

Conduct of Counsel

The personalities and the conduct of counsel are not in any way at issue. If you formed opinions of any kind about any of the lawyers in the case, favorable or unfavorable, whether you approved or disapproved of their behavior, those opinions should not enter into your deliberations.

2

In addition, remember that it is the duty of a lawyer to object when the other side offers testimony or other evidence that the lawyer believes is not properly admissible. Therefore, you should draw no inference from the fact that there was an objection to any testimony or evidence. Nor should you draw any inference related to the weight or importance of any testimony or evidence from the fact that I sustained or overruled an objection. Simply because I have permitted certain testimony or evidence to be introduced does not mean that I have decided on its importance or significance. That is for you to decide.

Presumption of Innocence and Burden of Proof

The defendants have pleaded not guilty to the charges against them. As a result of that plea of not guilty, the burden is on the Government to prove each defendant's guilt beyond a reasonable doubt. This burden never shifts to a defendant for the simple reason that the law never imposes upon a defendant in a criminal case the burden or duty of testifying, or calling any witness, or locating or producing any evidence.

Furthermore, the law presumes the defendants to be innocent of the charges against them. The presumption of innocence was in their favor when the trial began, continued in their favor throughout the entire trial, remains with them even as I speak to you now, and persists in their favor as to each charged crime during the course of your deliberations in the jury room, unless and until you determine that the Government proves beyond a reasonable doubt that the defendant you are considering committed that crime.

3

Proof Beyond a Reasonable Doubt

The question that naturally arises is, "What is a reasonable doubt?" A reasonable doubt is a doubt based on your reason, your judgment, your experience, and your common sense. It is a doubt that a reasonable person has after carefully weighing all the evidence. It is a doubt founded in reason and arising out of the evidence in the case — or the lack of evidence. A reasonable doubt is not caprice, whim, or speculation.

Proof beyond a *reasonable* doubt does not mean proof beyond all *possible* doubt. It is practically impossible for a person to be absolutely and completely convinced of any disputed fact that, by its very nature, cannot be proved with mathematical certainty. The Government's burden is to establish guilt beyond a *reasonable* doubt, not all *possible* doubt.

If, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you are not satisfied with the guilt of the defendant you are considering, that you do not have an abiding belief of that defendant's guilt — in other words, if you have such a doubt as would reasonably cause a prudent person to hesitate in acting in matters of importance in his or her own affairs — then you have a reasonable doubt, and in that circumstance it is your duty to acquit.

On the other hand, if, after a fair and impartial consideration of all the evidence, you can candidly and honestly say that you do have an abiding belief of a defendant's guilt, such a belief as a prudent person would be willing to act upon in important matters in the personal affairs of his or her own life, then you have no reasonable doubt, and in that circumstance it is your duty to convict.

Direct and Circumstantial Evidence

There are two types of evidence that you may properly use in deciding whether the defendants are guilty or not guilty of the crimes with which they are charged.

4

One type of evidence is called direct evidence.  Direct evidence of a fact in issue is presented when a witness testifies to that fact based on what he or she personally saw, heard, or otherwise observed through the five senses.  The second type of evidence is circumstantial evidence.  Circumstantial evidence is evidence that tends to prove a disputed fact indirectly by proof of other facts.

There is a simple example of circumstantial evidence that is often used in this courthouse.  Assume that when you came into the courthouse this morning, the sun was shining and it was a nice day outside.  Also assume that the courtroom shades were drawn and you could not look outside.  Assume further that as you were sitting here, someone walked in with an umbrella that was dripping wet, and then, a few moments later, somebody else walked in with a raincoat that was also dripping wet.

Now, because you could not look outside the courtroom and you could not see whether it was raining, you would have no direct evidence of that fact.  But, on the combination of facts that I have asked you to assume, it would be reasonable and logical for you to conclude that it was raining.

That is all there is to circumstantial evidence.  You infer on the basis of your reason, experience, and common sense from one established fact the existence or the nonexistence of some other fact.

The matter of drawing inferences from facts in evidence is not a matter of guesswork or speculation.  An inference is a logical, factual conclusion that you might reasonably draw from other facts that have been proved.  It is for you, and you alone, to decide what inferences you will draw.

Many material facts, such as a person's state of mind, are not easily proved by direct evidence.  Often such facts are established by circumstantial evidence and the reasonable inferences you draw.  Circumstantial evidence may be given as much weight as direct evidence.  The law makes no distinction between direct and circumstantial evidence.  The law simply requires that before convicting a defendant, you must be satisfied of the defendant's guilt beyond a reasonable doubt, based on all of the evidence in the case.

## What Is and What Is Not Evidence

What, then, is the evidence in the case?

The evidence in this case is (1) the sworn testimony of the witnesses, (2) the exhibits received into evidence, and (3) any stipulations made by the parties. Anything else is not evidence.

For example, the questions posed to a witness are not evidence; it is the witnesses' answers that are evidence, not the questions. In addition, materials brought forth only to refresh a witness's recollection are not evidence. Moreover, testimony that has been stricken or excluded by me is not evidence and may not be considered by you in rendering your verdict.

Arguments by the advocates are also not evidence. What you heard during the opening statements and summations is merely intended to help you understand the evidence and reach your verdict. If your recollection of the facts differs from the lawyers' statements, you should rely on your recollection. If a lawyer made a statement during his or her opening or summation and you find that there is no evidence to support the statement, you should disregard the statement.

Further, any statements that I may have made during the trial or during these instructions do not constitute evidence. At times, I may have admonished a witness or directed a witness to be responsive to questions or to keep his or her voice up. At times, I may have asked a question myself. Any questions that I asked, or instructions that I gave, were intended only to clarify the presentation of evidence and to bring out something that I thought might be unclear. You should draw no inference or conclusion of any kind, favorable or unfavorable, with respect to any witness or any party in the case, by reason of any comment, question, or instruction of mine. The rulings I have made during the trial and these instructions are no indication of my views of what your decision should be. Nor should you infer

that I have any views as to the credibility of any witness, as to the weight of the evidence, or as to how you should decide any issue that is before you.  That is entirely your role.

Finally, I instruct you that all of the evidence presented to you in this case was lawfully obtained. Whether you approve or disapprove of how any evidence was obtained should not enter into your deliberations.

Stipulations

Stipulations were entered into relating to various facts in this case.  A stipulation is an agreement between parties as to what certain facts were or what the testimony would be if certain people testified before you.  The stipulation is the same for your purposes as the presentation of live testimony.  You should consider the weight to be given such evidence just as you would any other evidence.

Charts and Summaries

The Government presented exhibits in the form of charts and summaries.  As I mentioned to you earlier, I admitted these charts and summaries in place of, or in addition to, the underlying testimony or documents that they represent in order to save time and avoid unnecessary inconvenience.  You should consider the charts and summaries as you would any other evidence.

Limited Purpose Evidence

If certain testimony or evidence was received for a limited purpose, you must follow the limiting instructions I have given.

Recordings and Transcripts

Recordings have been admitted into evidence. Whether you approve or disapprove of the recording of the activity may not enter your deliberations.  I instruct you that these recordings were made in a lawful manner and that no one's rights were violated; that the Government's use of this evidence is lawful; and that it was properly admitted into evidence at this trial.

I remind you that the transcripts were given to you only as aids or guides to assist you in listening to the recordings; they are not in and of themselves evidence.  You alone should make your own interpretation of what appears on the recordings based on what you heard.  If you think you heard something different than what appeared on the transcript, then what you heard is controlling..

Redactions

As I explained during trial, some of the exhibits admitted into evidence contain redactions of certain information.  "Redacted" means that part of the document was taken or blacked out.  There is nothing unusual or improper about such redactions.  You are to concern yourself only with the part of the document that has been admitted into evidence.  You should not consider any possible reason why the other part of it was not admitted into evidence.

I would note that this instruction does not apply to Government Exhibit 5447-A, which is a document that was redacted at the time that it was attached to the email that is in evidence as Government Exhibit 5447.

Credibility of Witnesses

How do you evaluate the credibility or believability of the witnesses?  The answer is that you use your common sense.  There is no magic formula by which you can evaluate testimony.  You may use the

8

same tests here that you use in your everyday life when evaluating statements made by others to you.

You may ask yourselves: Did the witness impress you as open, honest, and candid? How responsive was the witness to the questions asked on direct examination and on cross-examination?

If you find that a witness intentionally told a falsehood, that is always a matter of importance you should weigh carefully. On the other hand, a witness may be inaccurate, contradictory, or even untruthful in some respects and entirely believable and truthful in other respects. It is for you to determine whether such inconsistencies are significant or inconsequential, and whether to accept or reject all of the testimony of any witness, or to accept or reject only portions.

You are not required to accept testimony even though the testimony is uncontradicted and the witness's testimony is not challenged. You may reject it because of the witness's bearing or demeanor, or because of the inherent improbability of the testimony, or for other reasons sufficient for you to conclude that the testimony is not worthy of belief.

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case. Such an interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his or her own interests. Therefore, if you find that any witness may have an interest in the outcome of this trial, you should bear that factor in mind when evaluating the credibility of his or her testimony and decide whether to accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved. There are many people who, no matter what their interest in the outcome of the case may be, would not testify falsely. It is for you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his or her testimony.

Non-Prosecution Agreements

One witness, Jason Hescock, testified in exchange for a promise by the Government not to charge him with certain crimes. This type of agreement is known as a "non-prosecution agreement." I instruct you that there is nothing improper in the Government's use of such agreements. They are a common and important law-enforcement tool. However, in evaluating the testimony of a witness with a non-prosecution agreement, you should examine it with greater scrutiny than you would the testimony of an ordinary witness. You should consider what benefits or promises he received from the Government that would motivate him to testify falsely.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion. If you find that a witness has been untruthful in some respect, you may, but are not required to, reject the witness's testimony in its entirety. Even if you find that a witness testified falsely in one part, you still may accept his testimony in other parts. How much of a witness's testimony to accept, if any, is a determination entirely for you, the jury.

Law Enforcement and Government Witnesses

You have heard testimony from law enforcement or other government witnesses, including representatives of the Federal Bureau of Investigation and the United States Attorney's Office. The fact that a witness may be employed as a law enforcement official or government employee does not mean that his or her testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness. It is your decision, after reviewing all the evidence, whether to accept the testimony of any law enforcement witness or government witness, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

<u>Expert Witnesses</u>

You have heard testimony of expert witnesses. As I previously explained, an expert witness is someone who, by education or experience, has acquired learning or experience in a specialized area of knowledge. Such a witness is permitted to express his opinions on matters about which he has specialized knowledge and training. A party may present expert testimony to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as other witnesses. In weighing an expert's opinion, you may consider the expert's qualifications, education, and reasons for testifying, as well as all of the other considerations that ordinarily apply, including all the other evidence in the case. If you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his conclusions, you would be justified in placing reliance on his testimony. However, you should not accept witness testimony simply because the witness is an expert. The determination of the facts in this case rests solely with you.

<u>Uncalled Witnesses</u>

There are people whose names you have heard during the course of the trial but who did not appear here to testify. I instruct you that each party had an equal opportunity, or lack of opportunity, to call any of these witnesses. Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called. Their absence should not affect your judgment in any way.

You should, however, remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.  The burden of proof remains at all times with the Government.

Number of Witnesses and Uncontradicted Testimony

I remind you that the defendants are not required to call any witnesses or offer any evidence, since they are presumed to be innocent.  On the other hand, the Government is not required to prove each element of the offense by any particular number of witnesses.  The testimony of a single witness may be enough to convince you beyond a reasonable doubt of the existence of the elements of the charged offenses — if you believe that the witness has truthfully and accurately related what he or she has told you.  The testimony of a single witness may also be enough to convince you that reasonable doubt exists, in which case you must return a not guilty verdict.

Particular Investigative Techniques

There is no legal requirement that the Government prove its case through any particular means.  While you are to carefully consider the evidence and/or lack of evidence adduced by the Government, you are not to speculate as to why the Government used the techniques it did or why it did not use other techniques.

All Available Evidence Need Not Be Introduced

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all relevant papers and

things available to either party during the course of the trial. Your concern is to determine whether or not, on the evidence or lack of evidence, the Government has met its burden of proving each element of each charge beyond a reasonable doubt with respect to each defendant.

Preparation of Witnesses

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with lawyers before they appeared in court. Although you may consider these facts when you are evaluating a witness's credibility, there is nothing either unusual or inherently improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he or she will be questioned about, focus on the subjects, and have the opportunity to review relevant exhibits before being questioned about them. Such consultation helps conserve your time and the Court's time. In fact, it would be unusual for a lawyer to call a witness without such consultation.

As always, the weight you give to the fact or the nature of these issues and what inferences you draw from them are matters completely within your discretion.

Persons Not on Trial

During the course of the trial, you have heard the names of other individuals mentioned in connection with this case. Some of these other individuals have been mentioned in connection with what the Government alleges was illegal activity. You may not draw any inference, favorable or unfavorable, toward the Government or the defendants from the fact that any person is not on trial here.

13

Nor may you speculate as to what became of them and why. These matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

A Defendant's Right Not to Testify

The defendants did not testify in this trial. Under our Constitution, a defendant is presumed innocent and has no obligation to testify or to present any other evidence because, as I have told you, it is the Government's burden to prove a defendant guilty beyond a reasonable doubt. That burden remains on the Government throughout the entire trial and never shifts to the defendants. The defendants is never required to prove that they are innocent.

You may not attach any significance to the fact that the defendants did not testify. No adverse inference against the defendants may be drawn by you because the defendants did not take the witness stand. You may not consider this in any way in your deliberations in the jury room.

**II. SUBSTANTIVE CHARGES**

That concludes my introductory instructions. Let me now turn to the charges.

The Indictment

The defendants are formally charged in an Indictment. As I instructed you at the outset of this trial, the Indictment is not evidence. It is simply an accusation, a statement of the charges made against the defendants. It gives the defendants notice of the charges against them, and it informs the court and the public of the nature of the accusations. But it is not evidence, and it does not prove or even indicate guilt. It does not create any presumption or permit any inference that the defendants are guilty. As a result, you are to give it no weight in deciding the defendants' guilt or lack of guilt. What matters is the evidence you heard at this trial. Indeed, as I have previously noted, the defendants are presumed

14

innocent, and each has entered a plea of not guilty.  It is the prosecution's burden to prove each defendant's guilt beyond a reasonable doubt.

The Indictment before you contains three counts, or charges.  Each count of the Indictment relates to a different alleged crime.  In your deliberations and in reaching your verdict, you must bear in mind that guilt is individual.  You must therefore consider each count and each defendant separately, must weigh the evidence as to each defendant separately for each count in which that defendant is charged, and return a verdict of guilty or not guilty for each defendant on each count in which that defendant is charged.  Your verdict as to each defendant must be determined separately with respect to that defendant, solely on the evidence, or lack of evidence, presented against that defendant, without regard to the guilt or innocence of anyone else.

So what are the charges in the Indictment?

Count One charges the defendants, Joseph Malvasio and Gregg Marcus, as well as Christopher Polk and others known and unknown, with conspiring to commit wire fraud.

Count Two charges both defendants with committing wire fraud in connection with their participation in a business called Global Capital Partners Fund.

Count Three charges Mr. Malvasio with committing wire fraud in connection with his involvement in businesses called Harbor Equity and Commercial Private Equity.

Conspiracy Charges and Substantive Charges

Counts One is a conspiracy charge.  The other counts — Counts Two and Three — are called "substantive" charges.  I will instruct you as to each count separately in just a moment, but let me briefly explain the difference between a conspiracy charge and a substantive charge.

15

A conspiracy count is different from a substantive count. Generally speaking, a conspiracy charge alleges that two or more persons agreed together to accomplish an unlawful objective. The focus of a conspiracy count, therefore, is on whether there was an unlawful agreement. There can be no conspiracy unless at least two people reached such an unlawful agreement, whether express or implied.

A substantive count, on the other hand, charges a defendant with the actual commission of an offense. A substantive offense therefore may be committed by a single person, and it need not involve any agreement with anyone.

A conspiracy to commit a crime is an entirely separate and different offense from a substantive crime, the commission of which may be an object or goal of the conspiracy. And because the essence of the crime of conspiracy is an agreement or understanding to commit a crime, it does not matter if the crime, the commission of which was an objective of the conspiracy, was ever committed. In other words, if a conspiracy exists and certain other requirements are met, it is punishable as a crime even if its purpose was not accomplished. Consequently, a conspiracy charge does not require proof that the crime or crimes that were the objective or objectives of the conspiracy actually were committed.

By contrast, conviction on a substantive count requires proof that the crime charged actually was committed, but it does not require proof of an agreement. If a defendant both participates in a conspiracy and commits the crime or crimes that were the object or objects of the conspiracy, that defendant may be guilty of both the conspiracy and the substantive crime or crimes.

With that, I will turn to the elements of each count. I am going to begin, however, with the substantive counts because explaining them first will simplify my instructions with respect to Count One, which is the conspiracy count. So I will begin with Counts Two and Three.

16

Counts Two and Three — Wire Fraud: Elements

Counts Two and Three charge the defendants with wire fraud.

Specifically, Count Two charges that from at least in or about 2017 through in or about August 2023, both defendants — Mr. Malvasio and Mr. Marcus — made false and misleading statements to loan applicants in connection with a business named Global Capital Partners Fund for the purpose of obtaining millions of dollars in advance fees.

And Count Three charges that from at least in or about 2019 through in or about August 2023, Mr. Malvasio made false and misleading statements to loan applicants in connection with businesses named Harbor Equity and Commercial Private Equity for the purpose of obtaining millions of dollars in advance fees.  Note that Mr. Marcus is not charged in Count Three.

For a defendant to be found guilty of substantive wire fraud, the Government must prove each of the following three elements beyond a reasonable doubt:

*First*, that there was a scheme or artifice to defraud or to obtain money or property by materially false and fraudulent pretenses, representations, or promises.

*Second*, that the defendant you are considering knowingly, willfully, and with the intent to defraud, devised or participated in the scheme or artifice.

*Third*, that an interstate or international wire communication was used in furtherance of the scheme or artifice.

I will discuss each element in turn.


Counts Two and Three — First Element: Existence of Scheme or Artifice

The first element that the Government must prove beyond a reasonable doubt with respect to Counts Two and Three is that there was a scheme or artifice to defraud or to obtain money or property

17

by means of false or fraudulent pretenses, representations, or promises. Let me explain some of the terms and concepts relevant to this first element.

**Device, Scheme, or Artifice to Defraud**

A "scheme" or "artifice" is merely a plan to accomplish an object. A "device, scheme, or artifice to defraud" is any plan, device, or course of action to obtain money or property by means of false or fraudulent pretenses, representations, or promises. "Fraud" is a general term that includes all the various means by which human ingenuity can devise and that are resorted to by an individual to gain some unfair advantage over another person by false representations, false suggestions, suppression of the truth, or deliberate disregard for the truth. Thus, a "scheme to defraud" is merely a plan to deprive another of money or property by trick, deceit, deception or swindle.

It is unimportant whether a victim might have discovered the fraud had he or she probed further. If you find that a scheme or artifice to defraud existed, it is irrelevant whether you believe that a victim was careless or negligent or should have acted differently. Negligence, carelessness, or gullibility on the part of the victims is no defense to a charge of such fraud.

**False or Misleading Statement**

The scheme to defraud charged here is alleged to have been carried out by making false pretenses, representations, promises, and statements. A statement, representation, claim, or document is false or misleading if it is untrue when made and was then known to be untrue by the person making it or causing it to be made. A representation or statement is fraudulent if it was made with the intent to deceive.

A statement may be false or misleading if it directly contradicts what the speaker knew at the time, created an impression of a state of affairs that differed in a material way from the one that actually existed, or stated that there was a risk that had not yet been realized when, in fact, that risk had already

18

materialized or come to fruition.  A statement may also be false or fraudulent if it contains half-truths, omits or conceals material facts, or is ambiguous or incomplete in a manner that makes what is said or represented deliberately misleading or deceptive.  This includes statements that may be literally true but that nevertheless create a materially misleading impression.

Additionally, the expression of an opinion not honestly entertained or based on supporting facts that the expresser of the opinion knows are untrue may also constitute a false or fraudulent statement.

Failure to comply with a contractual obligation is fraudulent only when the promisor never intended to honor the contract.  In particular, the certification of entitlement to payment under a contract is fraudulent if a defendant knowingly failed to disclose a contractual breach, or non-compliance with contractual terms, with the intent to defraud.

The deception need not be premised upon spoken or written words alone.  The arrangement of the words, or the circumstances in which they are used may convey the false and deceptive appearance. Indeed, conduct alone can deceive another, even in circumstances where a person's statements contain no misrepresentation.  If there is deception, the manner in which it is accomplished does not matter.

**Materiality**

The false or fraudulent pretense, representation, promise or statement must relate to a "material" fact or matter.  A material fact is one that reasonably would be expected to be of concern to a reasonable and prudent person in relying upon the pretense, representation, promise or statement in making a decision.  This means if you find a particular statement of fact or representation to have been false, you must also determine whether that statement or representation was one that a reasonable person would have considered important in making his or her decision.  The same principle applies to fraudulent half-truths or omissions of material facts necessary to make the statements that were made not materially misleading.  The Government does not need to prove that anyone actually relied on the false statement

19

or representation.  Instead, it is sufficient if the misrepresentation is one that is capable of influencing a reasonable person's decision and is intended to do so.

Language in a contract may be relevant in considering whether a false or fraudulent statement or representation outside the contract was material and whether a defendant acted with fraudulent intent. You should consider all the information available to a reasonable person to determine whether cautionary language in a document would have prevented a reasonable person from being misled.  But language in a contract — including, for example, a disclaimer on reliance on prior statements — does not render a false or fraudulent statement or representation made outside the contract immaterial as a matter of law.

In addition to proving that a pretense, representation, promise, or statement was false or fraudulent and related to a material fact, in order to establish a scheme to defraud, the Government must prove that the alleged scheme contemplated wrongly depriving another of money or property.  Money or property may be obtained even when something else is simultaneously given in return.

The Government is not required to prove that the defendant personally originated the scheme to defraud.  Nor is the Government required to prove that the scheme or artifice to defraud actually succeeded — that is, the Government is not required to prove that the intended victim suffered any loss or harm.  Although whether or not the scheme actually succeeded is not the question, you may consider whether it succeeded in determining whether the scheme existed.

To "obtain" money or property, it is not necessary for the Government to prove that a false or fraudulent statement or conduct was made prior to the victim's decision to part with money or property. Instead, if after having obtained money or property, the defendant you are considering devised or participated in a fraudulent scheme to deprive the alleged victim of that money or property by keeping

20

the money or property through making a subsequent false or fraudulent misrepresentation as to a material fact, that is sufficient to establish the existence of a scheme to defraud.

A scheme to defraud need not be shown by direct evidence, but may be established by all of the circumstances and facts in the case.

If you find that the Government has failed to establish that a scheme to defraud, as charged, did exist, you should find the defendant not guilty of wire fraud.  On the other hand, if you find the Government has established beyond a reasonable doubt the existence of a scheme or artifice to defraud, then you must consider the second element.

Counts Two and Three — Second Element: Knowledge and Intent to Defraud

The second element that the Government must establish beyond a reasonable doubt with respect to Counts Two and Three is that the defendant devised or participated in the fraudulent scheme knowingly, willfully, and with specific intent to defraud.  Let me explain some of the terms and concepts relevant to this second element.

To "devise" a scheme to defraud is to concoct or plan it.  To "participate" in a scheme to defraud means to associate oneself with it, with the intent to making it succeed.

It is not necessary for the Government to establish that the defendant originated the scheme to defraud.  It is sufficient if you find that there was a scheme to defraud, even if somebody else originated it, and that the defendant, while aware of the existence of the scheme, knowingly participated in it.

It is also not required that the defendant have participated in or have had knowledge of all the operations of the scheme.  The guilt of a defendant is not governed by the extent of his participation.

It is also not necessary that the defendant have participated in the scheme from the beginning. A person who comes in at a later point with knowledge of the scheme's general operation, although not

21

necessarily all its details, and intentionally acts in a way to further the unlawful goals, becomes a participant in the scheme.

"Knowingly" means to act voluntarily and deliberately, rather than mistakenly or inadvertently.

"Willfully" means to act voluntarily and with a wrongful purpose.

To act with the "intent to defraud" means to act knowingly and with the specific intent to deceive, for the purpose of causing some financial or property loss to another.  Thus, a defendant acted with intent to defraud in the context of wire fraud if he engaged or participated in the fraudulent scheme with awareness of its fraudulent or deceptive character, with an intention to be involved in the scheme to defraud and to help it succeed, and with a purpose of obtaining money or property from the victim.  That is, the Government must prove beyond a reasonable doubt that the defendant contemplated some actual harm or injury to a victim with respect to the victim's money or property.  But, the Government does not need to prove that the intended victim was actually harmed; only that the defendant intended to harm the victim by obtaining money or property.  The Government is also not required to prove that the defendant realized any gain from the scheme, although you may consider any gain the defendant realized in determining whether the defendant participated in the scheme.

Direct proof of knowledge and fraudulent intent is almost never available, nor is it required.  It would be a rare case where it could be shown that a person wrote or stated that as of a given time in the past he committed an act with fraudulent intent.  Such direct proof is not required.  The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn from them.  Such circumstantial evidence of the defendant's intent includes that the defendant made misrepresentations to the victims with knowledge that the statements were false.  Circumstantial

22

evidence, if believed, is of no less value than direct evidence.  In either case, the essential elements of the crime must be established beyond a reasonable doubt.

Since an essential element of wire fraud is intent to defraud, it follows that good faith on the part of the defendant is a complete defense to a charge of wire fraud.  False representations or statements, or omissions of material facts, do not amount to a fraud unless done with fraudulent intent.  An honest belief in the truth of the representation made by a defendant, however inaccurate the representation may turn out to be, negates a charge of fraud.  A defendant, however, has no burden to establish a defense of good faith.  The burden is on the Government to prove fraudulent intent and the consequent lack of good faith beyond a reasonable doubt.  However, if the defendant participated in the scheme to defraud, then a belief by the defendant, if such belief existed, that ultimately everything would work out so that no one would lose any money does not mean that the defendant acted in good faith.

To conclude on this element, if you find that the defendant was not a knowing participant in the scheme or that he lacked the specific intent to defraud, you should find the defendant not guilty.  On the other hand, if you find that the Government has established beyond a reasonable doubt the first element, namely the existence of the scheme to defraud, and this second element, that the defendant was a knowing participant and acted with specific intent to defraud, then you must consider the third element.

### Counts Two and Three — Third Element: Use of Interstate Wires

The third and final element that the Government must establish beyond a reasonable doubt with respect to Counts Two and Three is that an interstate wire (for example, a telephone call, email communication, text message, or bank wire transfer) was used in furtherance of the scheme to defraud.

23

The "interstate" requirement means that the wire communication must pass between two or more states. This could include, for example, a telephone call between two different states, an email between two different states, or a wire transfer between banks located in two different states.

To be in furtherance of the scheme, the wire communication must be incident to an essential part of the scheme to defraud and must have been caused, directly or indirectly, by the defendant. It is not necessary for the defendant to be directly or personally involved in any wire communication, as long as the communication is reasonably foreseeable in the execution of the alleged scheme to defraud in which that defendant participated. In this regard, it would be sufficient to establish this element of the crime if the Government proved that the defendant caused the wires to be used by others. This does not mean that the defendant himself must have specifically authorized or directed others to execute a wire communication. When a person acts with knowledge that the use of wire facilities will follow in the ordinary course of business, or where the use of wire facilities can reasonably be foreseen, even though not actually intended, then he causes the wires to be used. Furthermore, the requirement that an interstate wire facility was used is satisfied even if a wire facility was used by a person with no knowledge of the fraudulent scheme, including a victim of the alleged fraud, so long as the wire was in furtherance of the alleged scheme.

The use of a wire facility need not itself be fraudulent. Stated another way, the material sent by wire need not contain any fraudulent representation, or even any request for money. It is sufficient if a wire facility was used to further or assist in carrying out the scheme to defraud.

Only the use of a wire facility must be reasonably foreseeable, not its interstate component. Thus, if you find that the use of a wire facility was reasonably foreseeable, and an interstate wire facility was actually used, then this element is satisfied even if it was not foreseeable that the wire communication would cross state boundaries.

24

Count One — The Conspiracy Charge: Elements

That completes my instructions as to Counts Two and Three, the substantive counts. Let me turn, then, to Count One, which is the conspiracy charge.

Count One charges that from at least in or about March 2017 through in or about August 2023, the defendants, Joseph Malvasio and Gregg Marcus, as well as Christopher Polk and others known and unknown, conspired to commit wire fraud.

For a defendant to be found guilty of Count One, the Government must prove each of the following two elements beyond a reasonable doubt:

*First*, that the conspiracy charged in Count One existed.

*Second*, that the defendant you are considering knowingly and intentionally became a member of the conspiracy, with intent to commit at least one of the goals or objects of the conspiracy.

I will now explain each element in more detail.

Count One — First Element: Existence of the Conspiracy

The first element the Government must prove beyond a reasonable doubt with respect to Count One is the existence of the conspiracy charged in that count.

So, what is a conspiracy? A conspiracy is an agreement or an understanding, between two or more persons, to accomplish by joint action a criminal or unlawful purpose. If you find beyond a reasonable doubt that two or more persons came to an understanding, explicitly or implicitly (that is, spoken or unspoken), to violate the law and to accomplish an unlawful plan, then the Government will have sustained its burden of proof as to this element.

25

To satisfy its burden of proof on this element, the Government is not required to show that two or more people sat around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy and spelling out who would do what in order to carry out the unlawful project. Common sense tells you that when people, in fact, agree to enter into a criminal conspiracy, much is left to unexpressed understanding. In determining whether a conspiracy existed, you may consider direct as well as circumstantial evidence.

When people enter into a conspiracy to accomplish an unlawful end, they become agents and partners of one another in carrying out the conspiracy. In determining whether there has been an unlawful agreement as alleged, you may consider the acts and conduct of the alleged co-conspirators that were done to carry out the apparent criminal purpose. The old adage, "Actions speak louder than words," applies here. Often, the only evidence that is available with respect to the existence of a conspiracy is that of disconnected acts and conduct on the part of the alleged individual co-conspirators. When taken together and considered as a whole, however, these acts and conduct may warrant the inference that a conspiracy existed as conclusively as would direct proof.

The objects — or objectives — of a conspiracy are the illegal goals the co-conspirators agree upon or hope to achieve. The sole object of the conspiracy charged in Count One of the Indictment is wire fraud. In order to prove that a defendant is guilty of the conspiracy offense charged in Count One, the Government must establish beyond a reasonable doubt that that defendant agreed with others to commit wire fraud.

I have already explained the substantive crime of wire fraud to you, and you should apply those instructions here to determine whether the defendant you are considering conspired, or agreed, to commit that crime.

Count One — Second Element: Membership in the Conspiracy

The second element the Government must prove beyond a reasonable doubt with respect to Count One is that the defendant you are considering knowingly and willfully became a member of the conspiracy — that is, that that defendant participated in the conspiracy with knowledge of its unlawful purpose and in furtherance of its unlawful objective.

The Government must prove beyond a reasonable doubt that the defendant knowingly and willfully entered into the conspiracy with a criminal intent — that is, with an unlawful purpose — and that he agreed to take part in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its objective.

I have already explained the meaning of the terms "willfully" and "knowingly," and you should apply those instructions here.

It is not necessary for the Government to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on his part. To have guilty knowledge, a defendant need not have known the full extent of the conspiracy, or all of the activities of all its participants. It is not even necessary that a defendant knew every other member of the conspiracy.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy. In determining the factual issues before you, you may, but are not required to, take into account any acts or statements made by a defendant's co-conspirators (if any), which were made during, in the course of, and in furtherance of the conspiracy, even though such acts or statements were not made in the presence of that defendant or were made without his knowledge. Acts or statements made in furtherance of the common purpose of the conspiracy are deemed, under the law, to be the acts or statements of all of the members, and all of the members are responsible for such acts or statements.

27

Indeed, each member of a conspiracy may perform separate and distinct acts and may perform them at different times.  Some conspirators may play major roles, while others play minor roles.  An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a defendant within the scope of the conspiracy.

Nor is it necessary that a defendant received any monetary benefit from his participation in the conspiracy, or had a financial stake in the outcome, so long as he in fact joined in the conspiracy in the manner I have explained.

Keep in mind, however, that a person may know, assemble with, associate with, or be friendly with, one or more members of a conspiracy, without being a conspirator himself.  Mere similarity of conduct or the fact that a defendant may have discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy or that defendant's membership in the conspiracy.  I also want to caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.

Moreover, the fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make that defendant a member of the conspiracy.  More is required under the law.  What is necessary is that the defendant must have participated with knowledge of at least some of the illegal purposes or objects of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt.  He need not have joined the conspiracy at the outset, and may have joined it at any time in its progress.

Once a conspiracy is formed, it is presumed to continue until either its objective is accomplished or there is some affirmative act of termination by the members.  So too, once a person is found to be a

28

member of a conspiracy, he is presumed to continue as a member in the conspiracy until the conspiracy is terminated, unless it is shown by some affirmative proof that the person withdrew and disassociated himself from the conspiracy.

In sum, you must find beyond a reasonable doubt that the defendant you are considering, with an understanding of the unlawful character of the conspiracy, intentionally engaged, advised, or assisted in the conspiracy for the purpose of furthering the illegal undertaking.  He thereby becomes a knowing and willing participant in the unlawful agreement — that is to say, a conspirator.

Multiple Conspiracies

With respect to Count One, which charges both defendants with conspiracy to commit wire fraud, the defendants argue that there were actually separate and independent conspiracies with various groups of members and that these separate conspiracies are distinct from the charged conspiracy.

Whether there existed a single unlawful agreement, or multiple such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I just gave you.

When two or more people join together to further one common unlawful design or purpose, a single conspiracy exists.  By way of contrast, multiple conspiracies exist when there are separate unlawful agreements to achieve distinct purposes.

Proof of several separate and independent conspiracies is not proof of the single, overall conspiracy charged in Count One unless one of the conspiracies proved happens to be the single conspiracy described in that Count.

You may find that there was a single conspiracy despite the fact that there were changes in personnel, activities, or both, so long as you find beyond a reasonable doubt that some of the co-

conspirators continued to act for the duration of the conspiracy for the purposes charged in Count One. The fact that the members of a conspiracy are not always identical does not necessarily imply that separate conspiracies exist. In addition, the existence of subgroups or subunits within a larger conspiracy does not necessarily mean that the larger conspiracy does not exist.

On the other hand, if you find that the conspiracy charged in Count One did not exist, you cannot find any defendant guilty of the single conspiracy charged in Count One. This is so even if you find that some conspiracy other than the one charged in Count One existed, even though the purposes of both conspiracies may have been the same, and even though there may have been some overlap in membership.

Similarly, if you find that the defendant you are considering was a member of another conspiracy, and not the one charged in Count One, then you must acquit that defendant of the conspiracy charged in Count One. A person can be part of more than one conspiracy at the same time, and his actions can further the interests of more than one conspiracy at the same time.

Therefore, what you must do is determine whether the conspiracy charged in Count One existed. If it did, you then must determine the nature of the conspiracy and who were its members.

Conscious Avoidance

All of the charges that I have described require the Government to prove, among other things, that the defendant you are considering acted knowingly, as I have already defined that term.

In determining whether a defendant acted knowingly, you may consider whether the defendant deliberately closed his eyes to what would otherwise have been obvious to him. If you find beyond a reasonable doubt that the defendant you are considering acted with a conscious purpose to avoid

30

learning the truth, then you may find that he acted knowingly.  Guilty knowledge may not be established, however, by demonstrating that the defendant was merely negligent, foolish, or mistaken.

In considering the conspiracy charged in Count One, however, you cannot rely on conscious avoidance to support a finding that a defendant intentionally joined the conspiracy.  Conscious avoidance may apply only to a defendant's knowledge of specific facts, including the specific objectives of the conspiracy, not to whether a defendant joined the conspiracy in the first place.  It is logically impossible for someone to intend and agree to join a conspiracy if he does not actually know that it exists.

If you find that the defendant you are considering was aware of a high probability of a fact and that the defendant acted with deliberate disregard of that fact, you may find that that defendant acted knowingly.  However, if you find that the defendant actually believed that the fact was not so, you may not find that he acted knowingly.

It is entirely up to you whether you find that a defendant deliberately closed his eyes and any inferences to be drawn from the evidence on this issue.

Venue

In addition to all of the elements that I have described for you, in order to convict a defendant on any count of the Indictment, you must find that venue is proper in the Southern District of New York because an act in furtherance of the crimes charged occurred within this District.  I instruct you that the Government and the defendants agree that venue is proper in the Southern District of New York and that venue is not in dispute in this case.

Variance of Dates and Amounts

The Indictment refers to dates and amounts.  I instruct you that it does not matter if a specific event is alleged to have occurred on or about a certain date or month, but the evidence indicates that in fact it was a different date or month.  Nor does it matter if the Indictment alleges that a transaction involved a specific amount of money, but the evidence indicates that it was a different amount.  The law requires only a substantial similarity between the dates, months, and amounts alleged in the Indictment and the dates, months, and amounts established by the evidence.

## III. CONCLUDING INSTRUCTIONS

Selection of the Foreperson

In a few minutes, you are going to go into the jury room and begin your deliberations.  Your first task will be to select a foreperson.  The foreperson has no greater voice or authority than any other juror but is the person who will communicate with me when questions arise and when you have reached a verdict and who will be asked in open court to pass your completed Verdict Form to me.  Notes should be signed by the foreperson and should include the date and time they were sent.  They should also be as clear and precise as possible.  Any notes from the jury will become part of the record in this case.  So please be as clear and specific as you can be in any notes that you send.  Do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

Right to See Exhibits and Hear Testimony

All of the exhibits will be given to you near the start of deliberations.  In addition, you will also be provided with a list of all the exhibits that were received into evidence.

If you want any of the testimony submitted to you or read back to you, you may also request that. Keep in mind that if you ask for testimony, however, the court reporters must search through their notes, the parties must agree on what portions of testimony may be called for, and if they disagree, I must resolve those disagreements.  That can be a time-consuming process.  So please try to be as specific as you possibly can in requesting portions of the testimony, if you do.

Again, your requests for testimony — in fact, any communication with the Court — should be made to me in writing, signed by your foreperson with the date and time, and given to one of the Court Security Officers.

Juror Note-Taking

If any one of you took notes during the course of the trial, you should not show your notes to, or discuss your notes with, any other jurors during your deliberations.  Any notes you have taken are to be used solely to assist you.  The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror.  Finally, your notes are not to substitute for your recollection of the evidence in the case.  If, during your deliberations, you have any doubt as to any of the testimony, you may — as I just told you — request that the official trial transcript that has been made of these proceedings be submitted or read back to you.

Bias, Prejudice, and Sympathy

All of us, no matter how hard we try, tend to look at others and weigh what they have to say through the lens of our own experience and background.  We each have a tendency to stereotype others and make assumptions about them.  Often, we see life and evaluate evidence through a clouded filter

33

that tends to favor those like ourselves. You must do the best you can to put aside such stereotypes, for all litigants and witnesses are entitled to a level playing field.

In particular, it would be improper for you to consider, in reaching your decision as to whether the Government sustained its burden of proof, any personal feelings you may have about the defendants' race, religion, national origin, gender, sexual orientation, or age. Similarly, it would be improper for you to consider any personal feelings you may have about the race, religion, national origin, gender, sexual orientation, or age of any witness or anyone else involved in this case.

Indeed, under your oath as jurors, you are not to be swayed by bias, prejudice, or sympathy. You are to be guided solely by the evidence in this case, and as you sift through the evidence, the crucial question that you must ask yourselves for each count is: Has the Government proved each element of each count beyond a reasonable doubt?

It is for you and you alone to decide whether the Government has sustained its burden of proving each defendant's guilt beyond a reasonable doubt, solely on the basis of the evidence or lack of evidence and subject to the law as I have instructed you.

It must be clear to you that once you let prejudice, bias, or sympathy interfere with your thinking, there is a risk that you will not arrive at a true and just verdict.

If you have a reasonable doubt as to a defendant's guilt with respect to a particular count, then you must render a verdict of not guilty as to that defendant on that count. On the other hand, if you should find that the Government has met its burden of proving the guilt of a defendant beyond a reasonable doubt with respect to a particular count, then you should not hesitate because of sympathy or any other reason to render a verdict of guilty as to that defendant on that count.

I also caution you that, under your oath as jurors, you cannot allow to enter into your deliberations any consideration of the punishment that may be imposed upon a defendant if he is

34

convicted.  The duty of imposing a sentence in the event of conviction rests exclusively with the Court, and the issue of punishment may not affect your deliberations as to whether the Government has proved a defendant's guilt beyond a reasonable doubt.

Duty to Deliberate

The most important part of this case, members of the jury, is the part that you as jurors are now about to play as you deliberate on the issues of fact.  I know you will try the issues that have been presented to you according to the oath that you have taken as jurors.  In that oath you promised that you would well and truly try the issues joined in this case and a true verdict render.

As you deliberate, please listen to the opinions of your fellow jurors, and ask for an opportunity to express your own views.  Every juror should be heard.  No one juror should hold the center stage in the jury room and no one juror should control or monopolize the deliberations.  If, after listening to your fellow jurors and if, after stating your own view, you become convinced that your view is wrong, do not hesitate because of stubbornness or pride to change your view.  On the other hand, do not surrender your honest beliefs solely because of the opinions of your fellow jurors or because you are outnumbered.

Your verdict must be unanimous.  If at any time you are not in agreement, you are instructed that you are not to reveal the standing of the jurors, that is, the split of the vote, to anyone, including me, at any time during your deliberations.

Return of the Verdict

We have prepared a Verdict Form for you to use in recording your decisions, a copy of which is attached to these instructions.  Do not write on your individual copies of the Verdict Form.  My staff

35

will give the official Verdict Form to Juror Number One, who should give it to the foreperson after the foreperson has been selected.

You should draw no inference from the questions on the Verdict Form as to what your verdict should be. The questions are not to be taken as any indication that I have any opinion as to how they should be answered.

After you have reached a verdict, the foreperson should fill in the Verdict Form and note the date and time, and you should all sign the Verdict Form. The foreperson should then give a note — **not** the Verdict Form itself — to the Court Security Officer outside your door stating that you have reached a verdict. Do not specify what the verdict is in your note. Instead, the foreperson should retain the Verdict Form and hand it to me in open court when I ask for it.

I will stress again that each of you must be in agreement with the verdict that is announced in court. Once your verdict is announced in open court and officially recorded, it cannot ordinarily be revoked.

Closing Comments

Finally, I say this, not because I think it is necessary, but because it is the custom in this courthouse to say it: You should treat each other with courtesy and respect during your deliberations.

All litigants stand equal in this room. All litigants stand equal before the bar of justice. All litigants stand equal before you. Your duty is to decide between these parties fairly and impartially, and to see that justice is done.

Under your oath as jurors, you are not to be swayed by sympathy or prejudice. You should be guided solely by the evidence presented during the trial and the law as I gave it to you, without regard to the consequences of your decision. You have been chosen to try the issues of fact and to reach a verdict

on the basis of the evidence or lack of evidence.  If you let sympathy or prejudice interfere with your clear thinking, there is a risk that you will not arrive at a just verdict.  You must make a fair and impartial decision so that you will arrive at the just verdict.

Members of the jury, I ask your patience for a few moments longer.  It is necessary for me to spend a few moments with the lawyers and the court reporter at the side bar.  I will ask you to remain patiently in the jury box, without speaking to each other, and we will return in just a moment to submit the case to you.  Thank you.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                 :

UNITED STATES OF AMERICA,                :

                                       :

    -v-                               :               23-CR-396 (JMF)

                                       :

JOSEPH MALVASIO, a/k/a "Joe Cohen,"     :

and GREGG MARCUS, a/k/a "Gregg Pierce,"   :           <u>VERDICT FORM</u>

                                     :

                Defendants.       :

                                     :
-----------------------------------------------------------------------X

*All Answers Must Be Unanimous*

**<u>Count One</u>: Conspiracy to Commit Wire Fraud**

    **Joseph Malvasio**

              Guilty \_\_\_\_\_            Not Guilty \_\_\_\_\_

    **Gregg Marcus**

              Guilty \_\_\_\_\_            Not Guilty \_\_\_\_\_

**<u>Count Two</u>: Wire Fraud**

    **Joseph Malvasio**

              Guilty \_\_\_\_\_            Not Guilty \_\_\_\_\_

    **Gregg Marcus**

              Guilty \_\_\_\_\_            Not Guilty \_\_\_\_\_

**<u>Count Three</u>: Wire Fraud**

    **Joseph Malvasio**

              Guilty \_\_\_\_\_            Not Guilty \_\_\_\_\_

*After completing the Verdict Form, please sign your names below and fill in the date and time.*

_____    _____
Foreperson

_____    _____

_____    _____

_____    _____

_____    _____

_____    _____

Date and Time:      _____

*Once you have signed the Verdict Form, please give a note — **NOT** the Verdict Form itself —
to the Court Security Officer stating that you have reached a verdict.  The foreperson should retain the
official Verdict Form to be handed to the Judge in open court.*