**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

August 27, 2026

**VIA ECF**
The Honorable Jesse M. Furman
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: United States v. Joseph Malvasio et al., S1 23 Cr. 396 (JMF)**

Dear Judge Furman:

The Government respectfully submits this letter to address the defendants' requests to adjourn: (1) the September 1, 2026 deadline for submitting objections to the Presentence Investigation Report ("PSR"), by an additional 45 days; and (2) the defendants' sentencing hearing, which is scheduled for October 8, 2026, to mid-December or January (*i.e.*, approximately 60 to 90 days). (Dkts. 266, 267). For the reasons set forth below, while the Government does not oppose a modest two-week extension of the deadline for the parties to submit their objections to the PSR—and, if necessary, a corresponding adjournment of the sentencing hearing to account for that extension—the lengthy adjournment the defendants seek is unwarranted and should be denied.

On August 18, 2026, the initial PSR was disclosed to the parties. The following week, the defendants each contacted the Government to request an adjournment.[1] Marcus requests an additional 45 days to submit objections to the PSR addressing, among other things, the loss amount, the "absence of an adjustment for acceptance of responsibility," as well as other enhancements applied by Probation; to "stabilize[]" the defendant's treatment for bipolar disorder in advance of sentencing; and to collect additional records in advance of sentencing, including records from the defendant's physicians and former employers. (Dkt. 267 at 1.) Malvasio similarly seeks an additional 45 days to submit objections to the PSR, including to undertake "a comprehensive review of the voluminous discovery, 3500 materials and trial record as well a [*sic*] forensic analysis of the bank records and loan files for each of the 379 loans[.]" (Dkt. 266.) Both defendants, in turn, seek an additional 60-to-90-day adjournment of the sentencing hearing.

---

[1] Previously, on August 4, 2026, counsel for Marcus notified the Government that Marcus intended to ask the Court to adjourn the sentencing from October to February in order to allow the defendant to participate in his children's weddings in November and December. At that time, the Government indicated that it would oppose an adjournment of that length or sought on those grounds.

None of the reasons the defendants supply, alone or in combination, warrant the considerable adjournments the defendants now seek. First, while the Government does not oppose a modest adjournment to permit the defendants additional time to prepare objections to the PSR and to obtain additional records, none of the anticipated objections the defendants outline in their submissions requires several additional months to identify, let alone resolve. Those objections appear to range from fairly standard to—in the case of Marcus's apparent effort to seek an adjustment for acceptance of responsibility—borderline frivolous. Trial concluded in June; based on the trial record, the content of the PSR is unsurprising and no further development of the (extensive) evidentiary record is needed to resolve the defense's purported disputes. For example, there is nothing "notabl[e]," as Malvasio suggests, about Probation's adoption of the position that the appropriate metric of loss is the entire loss attributed to the defendants' fraudulent lending scheme. That position is legally and factually supported, and is the same position the Government has taken throughout the course of this prosecution, including both at trial and in the *Pimentel* letter that the Government previously conveyed to Malvasio in March 2026. Malvasio cannot pretend to be blindsided by that determination, let alone to now require several additional months in order to address it.

Nor do the purported medical reasons Marcus supplies support the lengthy sentencing adjournment he seeks. Even crediting those proffered reasons, which vary significantly from the proffered reasons Marcus's counsel provided earlier this month when seeking an identical adjournment, the treatment Marcus claims to now be receiving is not a basis to delay his sentencing into 2027.[2] A sentencing date later this fall will give Marcus and his physicians ample time to continue any treatment he is currently obtaining, and for Marcus to obtain and provide any additional documents or records to the Court so that they can be considered when he is sentenced.

In short, while the Government continues to believe that no adjournment or extension is necessary or appropriate, a limited extension of fourteen days will provide the defendants with more than sufficient time to address their objections to the PSR while balancing the public's right—and, more importantly, the victims' right—to proceedings "free from unreasonable delay," 18 U.S.C. § 3771(a)(7). The Government anticipates that several victims will submit statements at the defendants' sentencing, and that additional victims intend to appear or potentially address the Court at the defendants' sentencing. Those victims have expressed to the Government their strong desire to see the defendants finally held accountable for the considerable harm they have caused. That motivation is especially salient here given the considerable forfeiture and restitution

[2] Nor is additional time required, as Marcus asserts, in order to provide the Court with a "completed clinical assessment," which Marcus claims would in turn form the basis of any recommendation to the Bureau of Prisons ("BOP") regarding his ultimate designation. Notwithstanding any recommendation made by the Court, and any records supplied to it, the BOP conducts its own assessment in deciding where to place inmates. The BOP is also more than equipped to assume Marcus's lithium-related treatment, given that the BOP's bipolar specific guidelines have, for at least the last decade, including lithium (alone, and in combination with other medications) as part of its preferred therapies for inmates. *See* A Versatile Prison Psychiatric Pharmacy Program, J. Am. Pharm. Assoc. (May 8, 2023), *available at* https://pmc.ncbi.nlm.nih.gov/articles/PMC10165866/.

orders that the Government intends to seek, both to forfeit the defendants' ill-gotten gains and to attempt to make the hundreds of victims who were defrauded by the defendants' scheme whole.

* * *

For the reasons set forth above, the Court should deny the defendants' request for a lengthy adjournment, and, if it grants some degree of the requested relief, allow for a more limited adjournment of the PSR-related deadlines and sentencing.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney

By: ______________________________
Georgia V. Kostopoulos
Patrick J. Gallagher
Adabelle Ekechukwu
Daniel Nessim
Assistant United States Attorneys